**Michael SPIELMAN, on behalf of himself and all other similarly situated persons, Plaintiff–Appellee,**

v.

**MERRILL LYNCH, PIERCE, FENNER & SMITH, INCORPORATED, Defendant–Appellant.**

**Docket No. 01–9189.**

United States Court of Appeals, Second Circuit.

Argued: Sept. 12, 2002.

Decided: June 13, 2003.

Edward J. Yodowitz, Skadden, Arps, Slate, Meagher, & Flom, LLP, New York, N.Y. (Jay B. Kasner, Andrew W. Reiss, on the brief), for Defendant–Appellant Merrill Lynch, Pierce, Fenner & Smith, Incorporated.

John Peter Zavez, Adkins, Kelston & Zavez, P.C., Boston, MA (John M. Dillon, Stephen P. Moore, Caruso & Dillon, PC, Mamaroneck, NY; Jody E. Anderman, LeBlanc & Waddell, LLC, Baton Rouge, LA; Glen DeValerio, Berman DeValerio & Pease LLP, Boston, MA; on brief), for Plaintiff–Appellee Michael Spielman.

Before: NEWMAN, F.I. PARKER, Circuit Judges, and UNDERHILL,* District Judge.

Judge JON O. NEWMAN joins the opinion and concurs in a separate opinion.

F.I. PARKER, Circuit Judge.

Defendant-appellant Merrill Lynch, Pierce, Fenner & Smith, Inc. ("Merrill Lynch") appeals from the order of the United States District Court for the Southern District of New York (Denise Cote, *Judge*) entered on October 9, 2001, remanding claims brought by plaintiff-appellee Michael Spielman ("Spielman") in New York state court. Spielman, on behalf of himself and others similarly situated, brought suit on various state law grounds against Merrill Lynch alleging Merrill Lynch misled certain of its account holders to believe they would not be charged a transaction fee that they were, in fact, charged. Merrill Lynch removed the case to federal district court under both the Securities Litigation Uniform Standards Act of 1998 ("SLUSA"), 15 U.S.C. §§ 77p & 78bb(f), which permits removal of certain class actions alleging state law claims based on "a misrepresentation or omission of a material fact in connection with the purchase or sale of a covered security," 15 U.S.C. § 78bb(f)(1)-(2), and under the general removal statute, 28 U.S.C. § 1441(b),

---

* Honorable Stefan R. Underhill of the United States District Court for the District of Connecticut, sitting by designation.

which permits removal of civil actions over which federal courts have original jurisdiction. On Spielman's motion, the district court remanded after determining that the alleged misrepresentations lacked a sufficient nexus to the underlying securities to fall within the scope of SLUSA preemption.

Reading the remand order in the most logical light possible, we find that the district court remanded based on its conclusion that it lacked subject matter jurisdiction to consider Spielman's claims under SLUSA. For the reasons set forth herein, this Court lacks appellate jurisdiction under 28 U.S.C. § 1447(d) to review the remand order. Accordingly, we dismiss the appeal. Spielman's request for attorneys' fees is not properly before this Court and is denied. Spielman's request for costs is granted under Fed. R.App. P. 39.

## I. BACKGROUND

### A. *Spielman's State Suit*

Spielman, a New York resident, filed his complaint in the Supreme Court of the State of New York, New York County, in February 2001 against Merrill Lynch, a Delaware corporation with its principal place of business in New York. Spielman alleged in the complaint that he opened a Cash Management Account ("CMA") with Merrill Lynch in 1999. One type of security offered by Merrill Lynch to CMA account holders was "Holding Company Depository Receipts" ("HOLDRS"), an interest in a trust that held shares of common stock issued by twenty specified companies from distinct industry sectors (*e.g.*, utilities, telecommunications, pharmaceuticals). Spielman alleged that, through a series of confusing statements in its marketing materials, Merrill Lynch represented that a CMA would enable clients, with certain exceptions, to purchase securities such as HOLDRS without paying a transaction fee. Spielman maintains, however, that he was charged a two percent transaction fee—styled by Merrill Lynch as an underwriting fee—for each HOLDRS purchase he made during 2000.

Spielman's suit alleged six causes of action under New York state law: breach of contract; breach of an implied covenant of good faith and fair dealing; fraud; negligent misrepresentation; breach of fiduciary duty; and violation of New York Consumer Protection Law, N.Y. GEN. BUS. LAW § 349 (McKinney 1988)[1]. Spielman's complaint alleged no federal cause of action.

### B. *Removal and Remand*

On April 10, 2001, Merrill Lynch removed the case to the United States District Court for the Southern District of New York pursuant to SLUSA's removal provision, 15 U.S.C. §§ 77p(c), 78bb(f)(2)[2],

---

**1.** Section 349 of New York's General Business Law, providing for State enforcement as well as private causes of action, states in pertinent part:

(a) Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful.

\* \* \* \* \* \*

(h) In addition to the right of action granted to the attorney general pursuant to this section, any person who has been injured by reason of any violation of this section may bring an action in his own name to enjoin such unlawful act or practice, an action to recover his actual damages ... or both such actions.

N.Y. GEN. BUS. LAW §§ 349(a) and (h).

**2.** Both Section 77p(c) and Section 78bb(f)(2) contain identical removal language, to wit: "Any covered class action brought in any State court involving a covered security ... shall be removable to the Federal district court for the district in which the action is pending ...."

and the general removal statute, 28 U.S.C. § 1441(b)[3]. Spielman moved on May 10, 2001 to remand the action back to the originating state court. The district court granted Spielman's motion to remand after determining that Merrill Lynch's alleged misrepresentations were not made "in connection with the purchase or sale of" the HOLDRS securities. *Spielman v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 2001 WL 1182927 at *5 (S.D.N.Y. Oct.9, 2001) (internal quotation marks omitted). Merrill Lynch appeals the remand order as erroneously granted.

## II. DISCUSSION

The threshold question presented here is whether this Court may review the district court's remand order. Spielman maintains that 28 U.S.C. § 1447(d) prohibits appellate review in this case. He contends that Section 1447(d), the provision governing reviewability of remand orders generally, prohibits appellate review of remand orders that are predicated on any basis enumerated in 28 U.S.C. § 1447(c), which includes lack of subject matter jurisdiction.

Merrill Lynch counters that the district court did not specify whether it remanded under SLUSA, 15 U.S.C. § 78bb(f)(3)(D), or the general remand statute, 28 U.S.C. § 1447(c). Merrill Lynch urges that SLUSA's remand provision controls, asserting that the remand was "based on an interpretation of specific language in the SLUSA statute, and not on any of the grounds

specified in section 1447(c)." Further, Merrill Lynch maintains that appellate review is available because SLUSA, unlike Section 1447(d), contains no express bar on appellate review of remand orders.

Because we construe the district court's remand to have been based on a perceived lack of subject matter jurisdiction under SLUSA, a remand basis expressly recognized in Section 1447(c), the order is not reviewable on appeal. *See* 28 U.S.C. § 1447(d).

### A. *SLUSA's Enactment and the Scope of Federal Question Jurisdiction*

■ SLUSA was enacted in 1998 in response to a demonstrably unavailing attempt by Congress, through the Private Securities Litigation Reform Act of 1995 ("PSLRA"), Pub.L. 104–67, 109 Stat. 737 (1995) (codified in part at 15 U.S.C. §§ 77z–1, 78u), to "prevent strike suits," described as "meritless class actions that allege fraud in the sale of securities." *Lander v. Hartford Life & Annuity Ins. Co.*, 251 F.3d 101, 107 (2d Cir.2001). Congress had enacted the PSLRA to filter out potential strike suits. Instrumental to achieving this objective was imposition of more stringent pleading requirements[4] and mandatory discovery stays for securities fraud class actions filed in federal court. The PSLRA afforded district courts the opportunity in the early stages of litigation to make an initial assessment of the legal sufficiency of any claims before

---

**3.** 28 U.S.C. § 1441(b) provides that "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the ... laws of the United States shall be removable" from state to federal court.

**4.** An example of a heightened pleading requirement imposed by the PSLRA is the requirement of any plaintiff who alleges a defendant "made an untrue statement of a

material fact" in connection with a securities sale to "specify each statement alleged to have been misleading, the reason or reasons why the statement is misleading, and, if an allegation regarding the statement or omission is made on information and belief, the complaint shall state with particularity all facts on which that belief is formed." 15 U.S.C. § 78u–4(b)(1).

defendants were forced to incur considerable legal fees or, worse, settle claims regardless of their merit in order to avoid the risk of expensive, protracted securities litigation. *Id.* (citing H.R. Conf. Rep. No. 104–369 (1995)). Although theoretically capable of paralyzing the efforts of potential "strike suit" plaintiffs, the PSLRA proved ineffective in actual practice to prevent litigation of meritless suits.

■ Driving enactment of SLUSA was Congress' finding that litigants eluded PSLRA's reach with relative ease. Confronted with more onerous procedural requirements and dimmed prospects of success under the PSLRA, litigants simply abandoned use of federal court and filed suit in state court under state securities laws. *Lander,* 251 F.3d at 107–08 and n. 4 (citing Pub.L. No. 105–353 § 2(2)). PSLRA's objectives went largely unrealized due to this "federal flight" loophole. SLUSA was enacted to close the loophole by mandating federal court as "the exclusive venue for class actions alleging fraud in the sale of certain covered securities and by mandating that such class actions be governed exclusively by federal law." *Id.* at 108 (citing 15 U.S.C. §§ 77p(b)-(c)); *see also* 15 U.S.C. §§ 78bb(f)(1)(A) and

(f)(2). SLUSA's "preemption" and "removal" provisions, read together, accomplish this task. However, examination of SLUSA's statutory language, a necessary predicate step in this analysis, clarifies SLUSA's broad, *but not unlimited,* scope.

■ SLUSA's preemption provision provides, in pertinent part:

> No covered class action based upon the statutory or common law of any State or subdivision thereof may be maintained in any State or Federal court by any private party alleging ... a misrepresentation or omission of a material fact in connection with the purchase or sale of a covered security ....

15 U.S.C. § 78bb(f)(1)(A). SLUSA's removal provision makes removable any class action preempted by 15 U.S.C. § 78bb(f)(1)(A). *See* 15 U.S.C. § 78bb(f)(2). Congress could not have spoken more clearly. The clear and unambiguous language convinces us that SLUSA was intended to completely preempt the field of *certain types* of securities class actions by essentially converting a state law claim into a federal claim and creating federal jurisdiction and venue for specified types of state securities fraud claims.[5] *See*

5. "Complete preemption," when triggered, provides in practice an exception to the well-pleaded complaint rule. It trumps the well-accepted principle that the plaintiff is the "master of the claim" and may avoid removal to federal court by alleging only state law claims. *See Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392–93, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). Complete preemption, as opposed to ordinary preemption raised as a federal defense to a claim, applies only where the statute can be said to have extraordinary preemptive power because the effect of triggering this doctrine is to wholly preempt claims that fall within the preemptive scope of the particular statute. *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 64–66, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987). Complete preemption permits removal of a lawsuit to federal court based upon the concept that where

there is complete preemption, only a federal claim exists. Accordingly, a lawsuit which raises a claim grounded in an area of law which has been completely preempted is removable to federal court and must be dealt with in federal court by way of dismissal if only state law claims have been raised. Complete preemption over a claim manifests a Congressional policy determination that the " 'state law claim in that area is of necessity so federal in character that it arises under federal law ... and permits removal to federal court under 28 U.S.C. § 1441.' " *Cicio v. Does,* 321 F.3d 83, 92 (2d Cir.2003) (quoting *Plumbing Indus. Bd. v. E.W. Howell Co.,* 126 F.3d 61, 66 (2d Cir.1997)).

While we recognize that the complete preemption doctrine must be applied sparingly and with great restraint, *see Marcus v. AT&T*

*Beneficial Nat'l Bank v. Anderson,* —— U.S. ——, ——, 123 S.Ct. 2058, 2063, 156 L.Ed.2d 1 (2003) ("When the federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law."). SLUSA does not, however, preclude all state enforcement or private causes of action in securities fraud cases.

■ SLUSA only converts into federal claims those state claims that fall within its clear preemptive scope, thereby confining federal question jurisdiction under this statutory regime to a subset of securities fraud cases. Congress was mindful to preserve the balance between establishing and maintaining "national standards for securities class action lawsuits involving nationally traded securities" and "preserving the appropriate enforcement powers of State securities regulators ...." Pub.L. No. 105–353 § 2(5). This balance was achieved by expressly confining SLUSA preemption and removal to lawsuits in which the plaintiff alleges a state law violation stemming from (for purposes of this suit) "a misrepresentation or omission of a material fact in connection with the purchase or sale of a covered security ['preempted class action'] ...." 15 U.S.C. § 78bb(f)(1)(A); *see Abada v. Charles Schwab & Co., Inc.,* 300

F.3d 1112, 1116 (9th Cir.2002) ("SLUSA prohibits a private party from bringing a 'covered class action' in federal or state court based on the statutory or common law of a state alleging a 'misrepresentation or omission of a material fact' ... 'in connection with the purchase or sale of a covered security.'") (quoting 15 U.S.C. § 78bb(f)(1)). In essence, SLUSA's enactment marked a Congressional attempt to close the "federal flight" loophole and route facially "preempted class action" lawsuits to federal court for scrutiny and possible summary disposal.

■ Under SLUSA, then, state securities fraud class actions are removable. *See* 15 U.S.C. § 78bb(f)(2). Removal under SLUSA does not necessarily sound the death knell of the removed action, however. SLUSA's removal provision ensures that the district court to which the case has been removed can do what exploitation by litigants of PSLRA's "federal flight" loophole effectively precluded: determine that the removed action is, in fact, a "preempted class action." Quite simply, a district court must examine the complaint to determine whether the substantive requirements necessary to sustain removal under SLUSA's preemption provision, *see* 15 U.S.C. § 78bb(f)(1), have been satisfied, as these requirements determine whether

Corp., 138 F.3d 46, 54 (2d Cir.1998); *see also* 13 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, FEDERAL PRACTICE & PROCEDURE § 3522 (2d ed. Supp.1998) (the "complete preemption" doctrine to be applied narrowly), we cannot ignore Congress' clear intent that SLUSA completely preempt certain types of class action securities lawsuits. Congressional intent being the "ultimate touchstone" guiding preemption analysis, *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 45, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987), we need only look to SLUSA's clear and unambiguous language in 15 U.S.C. §§ 77p(b)-(c) and 78bb(f)(1)(A) and (f)(2), regarding exclusivity of federal law for certain types of

state law based securities class actions to reach this conclusion, *see Hughes Aircraft Co. v. Jacobson,* 525 U.S. 432, 438, 119 S.Ct. 755, 142 L.Ed.2d 881 (1999) (In statutory construction, analysis begins and ends with clear and unambiguous statutory language). We are not alone in our interpretation, as at least one of our sister circuits has held SLUSA to be completely preemptive in a limited field of certain class action securities fraud cases. *See Falkowski v. Imation Corp.,* 309 F.3d 1123, 1128 (9th Cir.2002) ("SLUSA provides for just such complete preemption.") (citing *Patenaude v. Equitable Life Assurance Soc'y,* 290 F.3d 1020, 1023–25 (9th Cir. 2002)).

a district court has subject matter jurisdiction to entertain the action. *See Caterpillar, Inc.*, 482 U.S. at 392–93, 107 S.Ct. 2425 (affirming appellate court's remand to state court finding removal of state claim for breach of employment contract improper because requirement for complete preemption under Section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185, not satisfied and federal question jurisdiction not otherwise apparent on the face of complaint).

■ If a district court determines the action is *not* a "preempted class action" and, therefore, removal was improper, the district court lacks subject matter jurisdiction to further entertain the action. Rather than dismiss for want of jurisdiction, both the general remand statute, 28 U.S.C. § 1447(c), and SLUSA's remand provision, 15 U.S.C. § 78bb(f)(3)(D), require the district court to remand the removed action back to the originating state court. The question then presented—which is the threshold issue raised in Merrill Lynch's appeal—is whether a remand order such as the one issued in this case is reviewable on appeal. It is this question, which turns on the interplay between Section 1447(c) and SLUSA's remand provision, that we now examine.

## B. *The General Remand Statute, 28 U.S.C. § 1447(c)*

■ The general remand statute, Section 1447(c), provides, in pertinent part, that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Section 1447(d) provides that (with the excep-

tion of certain civil rights cases), "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise . . . ." 28 U.S.C. § 1447(d). Reading Section 1447(d) *in pari materia* with Section 1447(c), as we must, *see Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 116 S.Ct. 494, 133 L.Ed.2d 461 (1995) (citing *Thermtron Prods., Inc. v. Hermansdorfer*, 423 U.S. 336, 345–46, 96 S.Ct. 584, 46 L.Ed.2d 542 (1976)) [6], Section 1447(d) bars appellate review of remand orders based on any ground recognized in Section 1447(c), such as perceived lack of subject matter jurisdiction, *id.; cf. Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 712, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996) (holding that nonjurisdictional, discretionary remand such as on abstention grounds is not barred from appellate review).

■ The prohibition against appellate review extends " 'not only to remand orders made in suits removed under [the general removal statute], but to orders of remand made in cases removed under *any other statutes*, as well,' " *Things Remembered*, 516 U.S. at 124, 116 S.Ct. 494 (quoting *United States v. Rice*, 327 U.S. 742, 752, 66 S.Ct. 835, 90 L.Ed. 982 (1946) (modification and emphasis in original)), unless Congress issues "a clear statutory command to the contrary," *id.* This holds true even if the "any other statute" contains an express remand provision of its own. *Id.* at 129, 116 S.Ct. 494 (holding that remand provision in 28 U.S.C. § 1452(b) applicable to bankruptcy cases does not operate to the exclusion of Sections 1447(c) and (d)). Courts recognize a "strong congressional policy against review

---

**6.** Even though *Thermtron* construed a pre–1988 version of Section 1447(c) with a slightly different remand standard, we ruled in *Hamilton v. Aetna Life & Cas. Co.*, 5 F.3d 642 (2d Cir.1993) (per curiam), *cert. denied*, 510 U.S. 1130, 114 S.Ct. 1100, 127 L.Ed.2d 413 (1994), that "we see no sound basis for believing that the principle established is not equally applicable to the present version of that section." *Id.* at 644.

of remand orders," *Sykes v. Texas Air Corp.*, 834 F.2d 488, 490 (5th Cir.1987), grounded in notions of fairness to litigants by curbing the potential for dilatory tactics.[7]

 The touchstone of the analysis in determining whether Congress intended a remand order to be reviewable on appeal is not whether Congress included a separate remand provision in the statute that authorized removal. Rather, we look for Congress' use of express exclusivity language in that separate remand provision and examine whether Congress fashioned an express statutory exception to the Section 1447(d) bar by preserving appellate review for remand orders issued under that particular statute. *See Things Remembered*, 516 U.S. at 124, 116 S.Ct. 494. Ultimately, we are aware of only three statutory exceptions to Section 1447(d)'s bar, not one of which is applicable in this case.[8] SLUSA does not constitute a fourth exception.

### C. *SLUSA Remand Orders are Governed by Section 1447*

 SLUSA requires a district court to remand an action previously removed under SLUSA's removal provision, 15 U.S.C. § 78bb(f)(2), if it determines that the state action does not fall within SLUSA's preemptive scope. *See* 15 U.S.C. § 78bb(f)(3)(D). To state the obvious, federal question jurisdiction to proceed under SLUSA is dependent on SLUSA's applicability. SLUSA's applicability is triggered if and only if a claim, on its face, falls within SLUSA's preemptive scope. If a claim falls within SLUSA's preemptive scope, by definition, it satisfies SLUSA's substantive requirements necessary to sustain removal, *see* 15 U.S.C. 78bb(f)(1)-(2). One such substantive requirement is that the alleged securities fraud must have occurred "in connection

7. Then–Justice Rehnquist, in his dissent in *Thermtron*, artfully stated the Congressional policy underlying the universal policy of non-reviewability of remand orders when he wrote:

> [T]he limitation found in § 1447(d) has remained substantially unchanged since its enactment in 1887, and this Court has consistently ruled that the provision prohibits any form of review of remand orders. Congress' purpose in barring review of all remand orders has always been very clear—to prevent the additional delay which a removing party may achieve by seeking appellate reconsideration of an order of remand. The removal jurisdiction extended by Congress works a significant interference in the conduct of litigation commenced in state court. While Congress felt that making available a federal forum in appropriate instances justifies some such interruption and delay, it obviously thought it equally important that when removal to a federal court is not warranted the case should be returned to the state court *as expeditiously as possible*. If this balanced concern is disregarded, federal removal provisions

> may become a device affording litigants a means of substantially delaying justice.

423 U.S. at 354–55. We see no reason not to recognize these same policy considerations as applicable to SLUSA removal and remand cases.

8. Standing alone as an exception contained within the text of Section 1447(d) is language permitting review of any remand order issued in a civil rights case previously removed pursuant to 28 U.S.C. § 1443. Two other statutory exceptions to Section 1447(d)'s appellate review bar are: (1) 12 U.S.C. § 1441a(1)(3), "Financial Institution Reform, Recovery and Enforcement Act of 1989" ("FIRREA"), §§ 209(4)(b)(2), 501(1)(3), which empowers the Resolution Trust Corporation to remove actions to federal court as well as to appeal any remand order issued by a district court; and (2) 12 U.S.C. § 1819(b)(2)(C) (amended August 9, 1989), which expressly provides that the FDIC "may appeal any order of remand entered by any United States district court." *See* 14 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, FEDERAL PRACTICE AND PROCEDURE, § 3740 (3d ed.1998).

with the purchase or sale of a covered security." *Id.* Finding the fraud *did not* occur in connection with the purchase or sale of a covered security produces three indisputable conclusions: the claim does not fall within SLUSA's preemptive scope, SLUSA does not apply, and most importantly, federal question jurisdiction to proceed under SLUSA is lacking.

Although SLUSA contains its own removal provision, 15 U.S.C. § 78bb(f)(2), and remand provision, *id.* § 78bb(f)(3)(D), it contains no language expressly prohibiting appellate review of remand orders. Merrill Lynch construes this Congressional silence as "a clear statutory command" preserving appellate review. We, on the other hand, do not think Congress' silence was intended to impart such import and decline to do so in Congress' stead. Conspicuously absent from SLUSA is any express language suggesting that it operates to override the appealability exclusion of Section 1447(d). Moreover, in contrast to Section 1447(d)'s express exception for remand orders issued in previously-removed civil rights cases, we find no such exception in SLUSA's remand provision or in Section 1447(d) for remand orders issued in SLUSA removal cases. It is not our place as jurists to supply that which is omitted by the legislature. *See West Virginia Univ. Hosps. v. Casey,* 499 U.S. 83, 101, 111 S.Ct. 1138, 113 L.Ed.2d 68 (1991) (in statutory construction case, "[t]o supply omissions transcends the judicial function.") (quotation omitted). In this same vein, we do not believe, as Merrill Lynch seems to imply, that Congressional silence should reasonably be construed as a "clear statutory command" to trump Section 1447(d)'s jurisdictional bar and create, by implication, appellate jurisdiction. *See*

*Abada,* 300 F.3d at 1119 (finding omission in SLUSA to any bar of appellate review does not create appellate jurisdiction because Section 1447(d)'s bar "applies regardless of whether the case was removed pursuant to the general removal statute or the removal provisions of SLUSA.").

Finding no contrary statutory command in SLUSA, we hold that reviewability of a remand order based on the perceived lack of subject matter jurisdiction in a case previously removed under SLUSA's preemption provision is governed by 28 U.S.C. §§ 1447(c) and (d). Thus, a remand order based on a finding that the state law claim evades SLUSA preemption is merely an alternative, and not incorrect, way of stating that subject matter jurisdiction under SLUSA is lacking. Accordingly, the remand order issued in such a case is not reviewable on appeal. This is true even if the district court's determination regarding subject matter jurisdiction is ill-founded or poorly reasoned. *See Thermtron,* 423 U.S. at 343, 96 S.Ct. 584 (Section 1447(d) "prohibits review of all remand orders issued pursuant to Section 1447(c) *whether erroneous or not ....*"). We are convinced that this approach aligns with Congress' intent and its " 'aware[ness] of the universality of' ... denying appellate review of remand orders ...."[9] *Things Remembered,* 516 U.S. at 124, 116 S.Ct. 494 (quoting *Rice,* 327 U.S. at 752, 66 S.Ct. 835).

### D. *The District Court's Remand Order*

 Turning now to the facts of the case before us, the district court focused on whether the substantive requirements necessary to sustain SLUSA removal, *i.e.,*

---

9. Despite Merrill Lynch's urging of extra-Congressional policy considerations that militate in favor of finding appellate jurisdiction for remand orders issued in SLUSA removal cases, these arguments are more appropriately directed to Congress than to the judiciary which is only empowered to discern Congressional intent.

15 U.S.C. § 78bb(f)(1)(A), were satisfied. The district court determined as a matter of law that the purported misrepresentations about fees ultimately charged to CMA clients, which were central to the state law claims in Spielman's complaint, were not made "in connection with" the purchase or sale of HOLDRS. Without this essential nexus, Spielman's state law claims were not within SLUSA's preemptive scope, thereby rendering SLUSA inapplicable and compelling remand, *see* 15 U.S.C. § 78bb(f)(3)(D).

Merrill Lynch maintains that the remand order never expressly addresses subject matter jurisdiction, but rather the district court interpreted the language in SLUSA's preemption and removal provisions when ordering remand. Therefore, Merrill Lynch contends, the district court remanded based on the language in SLUSA, not Section 1447(c). This position bears striking resemblance to the argument rejected by the Sixth Circuit in *Things Remembered*. Merrill Lynch's position fares no better here.

*Things Remembered* involved application and interpretation of 28 U.S.C. § 1452(b), the statutory provision applicable to removal and remand of bankruptcy actions. Section 1452(b) permits, but does not require, a district court to remand a bankruptcy action previously removed from state court. If the action is remanded, Section 1452(b) contains language expressly *prohibiting* appellate review of that remand order. On appeal of the district court's remand order, the Sixth Circuit, in an unpublished opinion, noted that Things Remembered sought removal pursuant to the general provision, 28 U.S.C. § 1441, as well as the bankruptcy removal provision, 28 U.S.C. § 1452(a), and that the notice of removal was untimely under both counterpart provisions, 28 U.S.C. §§ 1446 and 1452. The Sixth Circuit con-

cluded that Section 1447(d) precluded appellate review, as did Section 1452(b), and *sua sponte* dismissed the appeal for lack of jurisdiction under both sections. *See Petrarca v. Things Remembered, Inc.*, 65 F.3d 169, 1994 WL 814600 (6th Cir.1994) (unpublished opinion).

The Supreme Court agreed, instructing that "[t]here is no reason §§ 1447(d) and 1452 cannot comfortably coexist in the bankruptcy context" and gave effect to both provisions. *Things Remembered*, 516 U.S. at 124, 116 S.Ct. 494. The Court held that Section 1447(d) barred review of the remand order, irrespective of whether the initial removal had taken place under Section 1441(a), the general removal statute, or Section 1452(a), the bankruptcy removal statute. *Id.* at 128–29, 116 S.Ct. 494. The Supreme Court made clear that Section 1452(b)'s remand provision, without some expression about its exclusivity, does not *ipso facto* render it the exclusive, operative remand provision in the bankruptcy context. *Id.* By the same token, SLUSA's remand provision, which contains no expression of exclusivity, does not, as Merrill Lynch proposes, render it the exclusive and operative remand provision in the securities litigation context.

Nor does Section 1452(b)'s remand provision, which expressly precludes appellate review of remand orders issued thereunder, provide support for Merrill Lynch's position that Congress must explicitly state its intent to preclude appellate review. Adopting this position would turn the general rule that remand orders are not reviewable on its head and contravene the "strong congressional policy against review of remand orders," *Sykes*, 834 F.2d at 490.

While we agree that the district court never used the words "subject matter jurisdiction," "federal question jurisdiction," or even "jurisdiction" when ordering a re-

mand, such phrases are not necessary for our analysis. "[R]eviewability of the remand order depends on the district court's *basis* for granting it," *Pierpoint v. Barnes,* 94 F.3d 813, 816 (2d Cir.1996), *cert. denied,* 520 U.S. 1209, 117 S.Ct. 1691, 137 L.Ed.2d 818 (1997), a basis which can be ascertained from the plain language used or, when contextually ambiguous, gleaned from a fair, independent reading of the remand order and record as a whole, *see Mangold v. Analytic Servs., Inc.,* 77 F.3d 1442, 1450 (4th Cir.1996) (holding appellate court has power and responsibility to look past contextually ambiguous allusions and even specific citations to Section 1447(c) to determine by independent review of the record the actual grounds or basis upon which the district court considered it was empowered to remand); *see also Transit Cas. Co. v. Certain Underwriters at Lloyd's of London,* 119 F.3d 619, 623 (8th Cir.1997), *cert. denied,* 522 U.S. 1075, 118 S.Ct. 852, 139 L.Ed.2d 753 (1998) (interpreting contextually ambiguous remand order as based on lack of jurisdiction).

Our reading of the remand order convinces us that the remand could not have been predicated on anything other than the district court's determination that it lacked subject matter jurisdiction under SLUSA. To conclude, as Merrill Lynch urges, that the district court's ruling is based on any other reasoning necessarily reads the remand order with legal blinders. We agree that the district court did not expressly state whether its remand order was grounded in SLUSA's remand provision or the general remand provision. We do not think any ambiguity in this respect, however, compels a different conclusion or alters our analysis. Whether the district court's remand was impliedly predicated on SLUSA's remand provision or the general remand statute, we construe the remand as manifesting a perceived lack of subject matter jurisdiction

under SLUSA, thereby precluding our appellate jurisdiction.

■ We also reject Merrill Lynch's proposal that this Court "fashion[ ] an exception to the scope of the non-reviewability rule in section 1447(d) in cases where the decision to remand was based on a prior determination of substantive law," which refers to the district court's determination that Spielman's allegations do not satisfy the "in connection with" requirement for SLUSA preemption. The Ninth Circuit's *Pelleport/Clorox* doctrine, to which Merrill Lynch alludes, grants appellate review if the district court's remand decision "is based on a resolution of the merits of some matter of substantive law *apart from any jurisdictional decision."* *Clorox Co. v. United States Dist. Court for N. Dist. Of Cal.,* 779 F.2d 517, 520 (9th Cir.1985) (quoting *Pelleport Investors, Inc. v. Budco Quality Theatres, Inc.,* 741 F.2d 273 (9th Cir.1984)) (internal quotation marks omitted) (emphasis added).

Merrill Lynch maintains that this Court should exercise appellate jurisdiction under the *Pelleport/Clorox* doctrine because the district court's remand decision was based on the resolution of a substantive legal question, *i.e.,* the meaning of the phrase "in connection with" under SLUSA. Even if the *Pelleport/Clorox* doctrine were available to Merrill Lynch in some circumstances—an issue we do not decide in this case—it would not create appellate jurisdiction here. The district court's interpretation of "in connection with" was "a necessary predicate to deciding the existence of subject matter jurisdiction" under SLUSA. *See Abada,* 300 F.3d at 1118. We also find it persuasive that the Circuit in which the *Clorox/Pelleport* doctrine originated has commented on this very issue and concluded that "[i]f deciding a substantive legal question is necessary to determine wheth-

er subject matter jurisdiction existed, the *Clorox/Pelleport* exception does not apply." *Id.; see also Baldridge v. Kentucky–Ohio Transp., Inc.,* 983 F.2d 1341, 1349 (6th Cir.1993).

Because Spielman's complaint did not otherwise raise a federal question, SLU-SA's preemption language would provide the only basis for federal question jurisdiction in this case. The district court's finding that SLUSA did not preempt the claim was tantamount to a finding that subject matter jurisdiction to proceed under SLU-SA in federal court was lacking. The remand order, based on this finding, is not reviewable on appeal.

### E. *Attorney Fees and Costs*

■ A secondary issue before us is Spielman's request that this Court grant him costs and attorney fees pursuant to 28 U.S.C. § 1447(c), which provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." *Id.* Because we are not remanding the case, but are instead dismissing the appeal from the remand order for lack of appellate jurisdiction, section 1447(c) does not empower this Court to grant Spielman's request for attorney fees. This issue is one more appropriately addressed by the district court. Accordingly, Spielman's request for fees is denied. On the other hand, Spielman's request for costs is properly before us, not pursuant to Section 1447(c), but under Rule 39 of the Federal Rules of Appellate Procedure. The request for costs is granted.

### III. CONCLUSION

For the foregoing reasons, we dismiss this appeal for lack of appellate jurisdiction. Spielman's request for fees is denied, and costs are taxed against Merrill Lynch.

**JON O. NEWMAN, Circuit Judge,** concurring.

I add these words to the comprehensive discussion in Judge Parker's opinion, in which I concur, to offer a framework for disentangling the concepts of preemption, complete preemption, jurisdiction, and the "merits" in a case such as this one.

The plaintiff has filed in state court a suit based on state law grounds, including common law fraud. The defendant contends that the state law basis for the plaintiff's suit is preempted by federal law, and has removed the suit to federal court. If we were concerned with the usual form of preemption, the defendant's assertion of preemption would be a defense. *See, e.g., Fleet Bank, National Association v. Burke,* 160 F.3d 883, 886 (2d Cir.1998) (observing that preemption is a "federal defense"); *Concerned Citizens of Cohocton Valley, Inc. v. New York State Department of Environmental Conservation,* 127 F.3d 201, 204 (2d Cir.1997) (same). Because a *defense* based on federal law does not provide a basis for invoking the jurisdiction of a federal court, *see Louisville & Nashville R.R. Co. v. Mottley,* 211 U.S. 149, 153–54, 29 S.Ct. 42, 53 L.Ed. 126 (1908), defendant's assertion of the usual form of preemption would not provide a basis for invoking the district court's federal question jurisdiction under 28 U.S.C. § 1331, and, if only federal question jurisdiction was invoked, the case would therefore not be removable under 28 U.S.C. § 1441. *Metropolitan Life Insurance Co. v. Taylor,* 481 U.S. 58, 63, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987) ("Federal pre-emption is ordinarily a federal defense to the plaintiff's suit. As a defense, it does not appear on the face of a well-pleaded complaint, and,

therefore, does not authorize removal to federal court.").

In such a case, the district court, without the need to consider the merits of the preemption defense, would be required to remand to the state court for lack of subject matter jurisdiction, *see Blab T.V. of Mobile, Inc. v. Comcast Cable Communications, Inc.*, 182 F.3d 851, 858–59 (11th Cir.1999) (finding that 47 U.S.C. § 532 did not give rise to complete preemption, that subject matter jurisdiction over the removed claim was therefore lacking, and that the Court "necessarily must avoid further consideration" of the merits of the preemption defense), and we would be required to dismiss an appeal by the defendant because, pursuant to 28 U.S.C. § 1447(d) (2000), a remand for lack of jurisdiction is not appealable. *See Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 127–28, 116 S.Ct. 494, 133 L.Ed.2d 461 (1995); *Thermtron Products, Inc. v. Hermansdorfer*, 423 U.S. 336, 343, 96 S.Ct. 584, 46 L.Ed.2d 542 (1976). The state court would then have an opportunity to consider the merits of the preemption defense. *See Vorhees v. Naper Aero Club, Inc.*, 272 F.3d 398, 405 (7th Cir.2001) ("[U]pon remand to state court, that court will be free to consider the question whether the Federal Aviation Act preempts the claim Vorhees is attempting to present here—a claim on which our jurisdictional ruling rejecting 'complete preemption' or occupation of the field has no bearing."); *In re Loudermilch*, 158

F.3d 1143, 1146 (11th Cir.1998) (finding that a district court's Employee Retirement Income Security Act preemption ruling on a motion to remand would have "no preclusive effect on the state court's resolution of respondents' preemption defense in the same case"); *Romney v. Lin*, 105 F.3d 806, 813 (2d Cir.1997) (denying rehearing) ("There are thus some cases in which a state law cause of action is preempted, but only a state court has jurisdiction to so rule.").

However, where, as here, the defendant asserts the special form of preemption known as "complete preemption," the analysis is altered. In those circumstances where an area of state law is "completely" preempted, *Metropolitan Life*, 481 U.S. at 63–64, 107 S.Ct. 1542, the plaintiff has no viable state law claim; the only possible claim is one based on federal law. *Beneficial National Bank v. Anderson*, —— U.S. ——, ——, 123 S.Ct. 2058, 2063, 156 L.Ed.2d 1 (2003) ("When the federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law."); *Metropolitan Life*, 481 U.S. at 63–64, 107 S.Ct. 1542; *Freeman v. Burlington Broadcasters, Inc.*, 204 F.3d 311, 317 (2d Cir.2000). In such circumstances, a federal court considering a defendant's removal petition must consider whether the criteria for complete preemption have been met.[1] If so, then the plain-

---

1. The Supreme Court's most recent explication of the significance of complete preemption for removal jurisdiction identifies two circumstances in which a putative state law claim may be removed: "when Congress expressly so provides ... or when a federal statute wholly displaces the state-law cause of action through complete preemption." *Beneficial*, —— U.S. at ——, 123 S.Ct. at 2063. Although the Court identifies removal via complete preemption as a category distinct

from removal via the terms of a federal statute, it may be that both circumstances are really instances of complete preemption: one instance explicitly required by legislation and the second instance required by what courts have concluded is the implicit intent of Congress. Whether the two categories are wholly distinct or simply sub-categories of a broader category of complete preemption, a district court has subject matter jurisdiction if either prong of the analysis is satisfied.

tiff has necessarily invoked federal question jurisdiction, even though he did not wish to. Moreover, in determining whether the criteria for complete preemption have been met, the district court simultaneously determines both the merits [2] of the defense of complete preemption and the existence of subject matter jurisdiction. In the context of complete preemption, these issues are the opposite sides of the same coin. Furthermore, if the district court determines that the criteria for complete preemption have been met, the district court, after ruling in favor of its subject matter jurisdiction, is then obliged to dismiss for failure to state a claim, because the state law basis on which the plaintiff has attempted to proceed has been preempted by federal law. *See Romney v. Lin*, 94 F.3d 74, 84 (2d Cir.1996). In this circumstance, an appeal lies, as it would from any final judgment dismissing a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim. *See id.* at 77.[3]

Conversely, if the district court determines that the criteria for complete preemption have not been met, then the plaintiff's state law suit does not arise under federal law, the district court lacks federal question jurisdiction, and the case must be remanded to the state court for lack of jurisdiction. *Marcella v. Capital District Physicians' Health Plan, Inc.*, 293 F.3d 42, 50–51 (2d Cir.2002). The defendant cannot appeal because of 28 U.S.C. § 1447(d).[4]

One further point should be added to clarify the unusual context in which the District Court decided the critical legal issue of whether the fraud alleged by the plaintiff was "in connection with" the purchase or sale of a security. This issue typically comes before a federal court because (1) a plaintiff has filed a complaint alleging violations of section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b) (2000), and Rule 10b–5, 17 C.F.R. § 240.10b–5 (2002), which apply to fraud "in connection with" the purchase or sale of a security, and (2) a defendant has sought dismissal pursuant to Rule 12(b)(6) on the ground that the plaintiff's allegations fail to meet the "in connection with" requirement. In that context, the plaintiff's claim, even if ultimately unsuccessful and subject to dismissal, would normally be sufficiently colorable as to invoke the

The pending case involves the explicit removal provisions of the Securities Litigation Uniform Standards Act of 1998 ("SLUSA"), 15 U.S.C. §§ 77p(c), 78bb(f)(2) (2000). Arguably, in a case of this sort a court need not consider whether the criteria for complete preemption are met. *See Falkowski v. Imation Corp.*, 309 F.3d 1123, 1128 (9th Cir.2002) (SLUSA "provides for ... complete preemption").

2. It is important to recognize that when courts speak of a decision on the "merits" in such circumstances, *see Romney v. Lin*, 94 F.3d 74, 78 (2d Cir.1996) ("In this case, preemption is therefore one requisite of removal jurisdiction, as well as the key to the merits."), they usually mean the merits of the defense of preemption, not the merits of the plaintiff's cause of action.

3. In circumstances where a district judge upholds subject matter jurisdiction and denies a motion to remand, but has doubts about these rulings, the judge may sometimes secure interlocutory review by certifying the rulings under 28 U.S.C. § 1292(b). *See Breuer v. Jim's Concrete of Brevard, Inc.*, —— U.S. ——, ——, 123 S.Ct. 1882, 1884, 155 L.Ed.2d 923 (2003).

4. An attempt to obtain review by certification pursuant to 28 U.S.C. § 1292(b) of a ruling remanding for lack of subject matter jurisdiction has been rejected by this Court on the authority of *Thermtron. See Ryan v. Dow Chemical Co.*, No. 92–8008 (2d Cir. May 8, 1992) (declining section 1292(b) appeal from ruling in *Ryan v. Dow Chemical Co.*, 781 F.Supp. 934, 952–53 (E.D.N.Y.1992)).

federal court's subject matter jurisdiction. *See Bell v. Hood,* 327 U.S. 678, 681–82, 66 S.Ct. 773, 90 L.Ed. 939 (1946). And, of course, an appeal would be available from a dismissal for failure to state a claim.

In this case, the source of the "in connection with" requirement is not section 10(b) or Rule 10b–5, but the preemption provisions of the Securities Litigation Uniform Standards Act of 1998 ("SLUSA"), 15 U.S.C. §§ 77p(b), 78bb(f)(1) (2000), and the defendant is seeking to avoid remand of a state court action, rather than to obtain dismissal of a federal court action. Perhaps the phrase "in connection with" has the same meaning in SLUSA as it has in section 10(b) and Rule 10b–5. Some courts (including the District Court in this case) have interpreted SLUSA's "in connection with" phrase in accordance with decisions construing section 10(b) and Rule 10b–5.[5] *See, e.g., Araujo v. John Hancock Life Insurance Co.,* 206 F.Supp.2d 377, 382 (E.D.N.Y.2002); *Spielman v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* No. 01–CV–3013, 2001 WL 1182927, at *2–*3 (S.D.N.Y. Oct.9, 2001). *But see Shaw v. Charles Schwab & Co.,* 128 F.Supp.2d 1270, 1273–74 (C.D.Cal.2001).

However, even if the phrase "in connection with" has the same meaning in SLUSA as it has in section 10(b) and Rule 10b–5, there are at least three procedural differences between the two contexts when the issue is whether the SLUSA requirement has been met. First, the parties' roles are reversed; the *defendant* is urging that the plaintiff has satisfied the "in connection with" requirement, and the *plaintiff* is usually resisting such a finding. Second, a colorable claim by the defendant that the "in connection with" requirement has been satisfied is not sufficient to establish subject matter jurisdiction; the district court must definitively resolve the issue at the threshold as part of its jurisdictional inquiry. Third, whether appellate review is available depends on the result reached by the District Court; if, as here, the District Court concludes that the plaintiff's allegations do not meet the "in connection with" requirement, then remand is appropriate, and the court's conclusion is not reviewable because of 28 U.S.C. 1447(d).

In the pending case in which the plaintiff has pled a state law claim of fraudulent non-disclosure, the District Court has ruled that the non-disclosure was not "in connection with" the purchase or sale of a security, that complete preemption does not exist, that the case cannot be removed, and that it must be remanded for lack of jurisdiction; in these circumstances, no appeal is available.

With this understanding of what has occurred in this case, I concur.

---

**5.** The two statutes are slightly different in that under section 10(b) and Rule 10b–5, a plaintiff must prove that the fraud was *actually* "in connection with" the purchase or sale of a security, while under SLUSA, a defendant is required to show only that the *plaintiff has alleged* fraud "in connection with" the purchase or sale of a security. However, perhaps mindful that SLUSA was intended to block artful plaintiffs, courts have gone beyond asking whether the removed complaint contains the talismanic phrase "in connection with," and have looked also to whether the allegations, if true, would satisfy the "in connection with" requirement. As the opinion of the District Court in the case at hand demonstrates, the legal questions implicated in the latter inquiry may closely resemble those raised by a Rule 12(b)(6) motion to dismiss a claim under section 10(b) and Rule 10b–5.