In re BISYS SECURITIES LITIGATION.

No. 04 Civ 3840 JSR.

United States District Court, S.D. New York.

Aug. 1, 2007.

Frederick Taylor Isquith, Sr., George Theodore Peters, Wolf Haldenstein Adler Freeman & Herz LLP, Peter S. Linden, Ira M. Press, Kirby McInerney & Squire, LLP, Brian Philip Murray, Murray, Frank & Sailer, LLP, New York, NY, J. Allen Carney, S. Gene Cauley, Cauley Bowman Carney & Williams, PLLC, Little Rock, AR, for Plaintiffs.

Elizabeth Anne Hellmann, Skadden, Arps, Slate, Meagher & Flom LLP, Joel Laurence Kurtzberg, Thomas J. Kavaler, Cahill Gordon & Reindel LLP, Ronald Marc Daignault, David W. Debruin, Jenner & Block LLP, David M. Fine, James J. Capra, Jr., Orrick, Herrington & Sutcliffe LLP, New York, NY, for Defendants.

Catherine A. Torell, Cohen, Milstein, Hausfeld & Toll, P.L.L.C., Ira M. Press, Kirby McInerney & Squire, LLP, James Patrick Bonner, Shalov Stone & Bonner LLP, Ken H. Chang, Wolf Popper LLP, New York, NY, David Avi Rosenfeld, Lerach, Coughlin, Stoia, Geller, Rudman & Robbins, LLP, Melville, NY, for Movants.

## MEMORANDUM ORDER

RAKOFF, District Judge.

By Memorandum Opinion and Order dated October 28, 2005, 397 F.Supp.2d 430 ("the October 2005 Order"), the Honorable Lewis A. Kaplan, to whom this consolidated securities case was previously assigned, dismissed the claims against co-defendant PricewaterhouseCoopers LLP ("PwC") because the complaint did not raise a sufficient inference of fraudulent *scienter.* Judge Kaplan wrote that such dismissal was:

> without prejudice to the service and filing, on or before November 14, 2005, of an amended complaint addressing the *scienter* of the Individual Defendants and PwC. Leave to amend is denied in all other respects.

October 2005 Order at 452. Plaintiffs failed to so amend their complaint. Indeed, on the due date of November 14, 2005, they informed the Court, by letter, that they "will not be amending their pleading at this time" but sought to "reserve" a limited right to make future amendments to the complaint. No such right was granted by the Court. Instead,

Judge Kaplan endorsed a stipulation, dated January 25, 2006 that confirmed, *inter alia,* that all claims against PwC had been dismissed with prejudice.

The rest of the case then moved forward with discovery, and eventually to settlement. In connection with the settlement, plaintiffs filed, on October 23, 2006, with the consent of all remaining parties, a Second Amended Complaint that did not list PwC as a defendant. Shortly thereafter, however, with the settlement with all other parties in hand, plaintiffs applied to the Court to "amend" the Second Amended Complaint to add PwC back in as a party and to add new allegations regarding PwC's *scienter.* It is this request that is presently pending before the Court. Plaintiffs purport to be making this request under Fed.R.Civ.P. 15(a), relating to amended pleadings. Since, however, as the foregoing events make clear, the claims against PwC were previously dismissed with prejudice, the Court will construe plaintiffs' request as a motion under Fed.R.Civ.P. 54(b), seeking revision of the dismissal with prejudice prior to final judgment being entered.

■ While "Rule 54(b) allows parties to request district courts to revisit earlier rulings, the moving party must do so within the strictures of the law of the case doctrine," *see Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.,* 956 F.2d 1245, 1255 (2d Cir.1992), and thus "subject to the caveat that 'where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again.'" *See Official Comm. of the Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand,* 322 F.3d 147, 167 (2d Cir.2003) (quoting *Zdanok v. Glidden Co.,* 327 F.2d 944, 953 (2d Cir.1964)). Where, as here, the claims

against PwC were dismissed with prejudice, such decision may not be changed "unless there is 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice.'" *Id.* (quoting *Virgin Atl. Airways, Ltd.,* 956 F.2d at 1255). Even if any of these factors is present, moreover, it must be weighed against the prejudice that reopening will cause to the dismissed party. *See Prisco v. A & D Carting Corp.,* 168 F.3d 593, 607 (2d Cir.1999).

■ Here, it is manifest that there has neither been an intervening change of controlling law[1] nor a documented need to correct a clear error or prevent a manifest injustice. Rather, plaintiffs base their request on purported "new evidence," selectively culled, without citation or context, from over 2 million pages of discovery produced in this litigation. On inspection, however, it is clear that none of the alleged "new evidence" is, on its face, the proverbial "smoking gun" that plaintiffs claim it is, and, in any case, its added weight, if any, to the otherwise defective pleading against PwC is more than outweighed by the prejudice PwC would suffer from having plaintiffs' claims reinstated against PwC more than 18 months after they were dismissed with prejudice. For after PwC was removed as a party to the case, it had no motive to, and did not, participate in the vast discovery then undertaken, except in certain limited respects relevant to its remaining role as a witness. Thus, while PwC itself produced about 100,000 pages of documents as part of discovery during this period, it was not provided with copies of the remaining 2 million pages of documents produced during discovery, nor oth-

---

1. If anything, the law is now more favorable to PwC than it was when Judge Kaplan made his decision. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* —— U.S. ——, 127 S.Ct. 2499, 168 L.Ed.2d 179 (2007).

erwise participated in the discovery process.

 In addition to the prejudice to PwC, to reinstate the claims against PwC under these circumstances would defeat one of the central aims of the Private Securities Litigation Reform Act of 1995 ("PSLRA"), Pub.L. 104–67, 109 Stat. 737 (1995). Specifically, that legislation, in an effort to "filter out strike suits" and reduce the litigation burden for defendants, imposed "more stringent pleading requirements and mandatory discovery stays for securities fraud class actions filed in federal court." *See Spielman v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 332 F.3d 116, 122 (2d Cir.2003). In so doing, the PSLRA effectively shifted the burden to plaintiffs to acquire particularized knowledge of a party's *scienter* prior to obtaining discovery. *See generally Medhekar v. United States Dist. Court for the N. Dist. of Cal.*, 99 F.3d 325, 328 (9th Cir.1996) ("Congress clearly intended that complaints in these securities actions should stand or fall based on the actual knowledge of the plaintiffs rather than information produced by defendants after the action has been filed.").

It would wholly defeat this policy to allow plaintiffs who failed as to a given defendant to sustain their pleading burden at the outset of the case to wait until all discovery in the rest of the case was completed and then add that defendant back into the case. If plaintiffs could not allege fraud with specificity as to PwC, they should not have included PwC as a defendant in the original complaint. They chose to do so anyway, thereby running the risk that their claims would be dismissed, which is exactly what happened. Having precipitously tried to pluck the fruit from the tree of knowledge when it was not yet ripe, they are in no position to now demand a second bite at the apple.

For the foregoing reasons, plaintiffs' motion to amend the complaint to reinstate claims against PwC is hereby denied.

SO ORDERED.