**PUBLIC EMPLOYEES RETIREMENT ASSOCIATION OF NEW MEXICO, Plaintiff–Appellant,**

v.

**PRICEWATERHOUSECOOPERS LLP, Defendant–Appellee.**

No. 07–3756–cv.

United States Court of Appeals, Second Circuit.

Jan. 6, 2009.

J. Allen Carney, (Marcus Neil Bozeman, on the brief), Cauley Bowman Carney & Williams, PLLC, Little Rock, AR; Ira M. Press, (Peter S. Linden, on the brief), Kirby McInterney, LLP, New York, NY, for Appellant.

James J. Capra, Jr., (David M. Fine, on the brief), Orrick, Herrington & Sutcliffe LLP, New York, NY, for Appellee.

Present: Hon. JOSEPH M. McLAUGHLIN, Hon. RICHARD C. WESLEY, and Hon. PETER W. HALL, Circuit Judges.

**SUMMARY ORDER**

This securities class action was first brought in the United States District Court for the Southern District of New York by investors of the BISYS Group, Inc. ("BISYS"), including the named plaintiffs in this action, Public Employees Retirement Association of New Mexico

("PERA"). PERA alleged BISYS and its independent auditor Pricewaterhouse-Coopers LLP ("PwC") violated Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), ("10(b)") and 17 C.F.R. § 240.10b–5 ("10b–5"). *In re BISYS Sec. Litig.,* 397 F.Supp.2d 430, 433–34 (S.D.N.Y.2005) (hereinafter *BISYS I* ). PERA alleged that BISYS and PwC intentionally or recklessly misrepresented financial statements that enabled BISYS to secure favorable terms for loans and credit and overinflate its stock price. *Id.* at 435–36.

BISYS and PwC moved to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). *Id.* at 436. Pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA") discovery was stayed during pendency of the motions. *See* 15 U.S.C. § 78u–4(b)(3)(B). PERA did not attempt to avoid this stay by moving for particularized discovery of PwC.

On October 28, 2005, the district court (Kaplan, *J.*) dismissed the complaint against PWC, holding that PWC did not act with the scienter requisite for 10(b) and 10b–5 liability. *BISYS I,* 397 F.Supp.2d at 449. The district court found that PERA's complaint was "devoid of any allegations of motive on the part of PwC" and there was no evidence that PwC knew of any "purported indications of trouble at" BISYS. *Id.* at 449, 450. The district court gave PERA until November 14, 2005 to amend its complaint to properly allege scienter. *Id.* at 452. On November 14, 2005 PERA informed the district court in a letter that it would not seek to amend its complaint, but PERA sought a right to make future amendments to the complaint based on new information PERA planned to acquire when BISYS restated its financial records. The district court did not grant this request. *See In re BISYS Sec. Litig.,* 496 F.Supp.2d 384, 385–86 (S.D.N.Y.2007) (hereinafter *BISYS II* ).

On January 25, 2006, the parties stipulated that all claims against PwC had been dismissed with prejudice. *Id.* at 386. Likewise, on October 23, 2006, PERA filed an amended complaint, with the consent of the remaining parties, that did not list PwC as a defendant. *BISYS II,* 496 F.Supp.2d at 386. On November 2, 2006, however, PERA informed the district court that it would seek to re-include PwC as a defendant to the action based on newly discovered evidence. PERA then moved to amend its complaint pursuant to Fed.R.Civ.P. 15(a) on November 13, 2006. *Id.* at 385. The district court (Rakoff, *J.*) construed the request as a motion under Fed.R.Civ.P. 54(b) seeking revision of the dismissal of the complaint with prejudice prior to entry of final judgment.[1] *Id.*

The district court denied PERA's motion. *BISYS II,* 496 F.Supp.2d at 387. Applying the law-of-the-case doctrine it found "there has neither been an intervening change of controlling law nor a documented need to correct a clear error or prevent a manifest injustice." *Id.* at 386 (footnote omitted). The district court determined that the new evidence PERA presented was not the "proverbial 'smoking gun' that plaintiffs claim it is, and . . . its added weight, if any, to the otherwise defective pleading against PwC is more than outweighed by the prejudice" to PwC given that PwC had been dismissed from the litigation and given that PwC had not been privy to the documents on which PERA based its amended complaint. *Id.* Finally, the district court noted that allow-

---

1. By this time PERA and BISYS had settled for $65,870,000. *See BISYS II,* 496 F.Supp.2d at 386.

ing PERA to amend its complaint would "defeat one of the central aims of [the PSLRA]" by allowing plaintiffs who could not meet their pleading requirement under the PSLRA "a second bite at the apple." *Id.* at 387.

PERA appeals the district court's denial and maintains that the district court should have considered its motion as a motion to amend a complaint under Rule 15(a) but concedes that "this may be a distinction without a difference." We find that the district court did not abuse its discretion in denying PERA's motion under either a Rule 54(b) or 15(a) standard and accordingly affirm. Because we affirm the district court on its interpretation of the facts as applied to the law, we need not also explore the district court's interpretation of the purpose of the PSLRA.

We assume the parties' familiarity as to the facts, the procedural context, and the specification of appellate issues.

## Analysis

We review a denial of a motion to amend a complaint before trial, Fed.R.Civ.P. 15(a), and a denial of a motion to revise the dismissal of a complaint prior to final judgment, Fed.R.Civ.P. 54(b), for abuse of discretion if the district court denied the motion based on a factual finding. *Official Committee of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP,* 322 F.3d 147, 167 (2d Cir.2003) (hereinafter *Coopers & Lybrand* ). A district court abuses its discretion when: "(1) its decision rests on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding, or (2)

its decision—though not necessarily the product of a legal error or a clearly erroneous factual finding—cannot be located within the range of permissible decisions." *Barcia v. Sitkin,* 367 F.3d 87, 99 (2d Cir. 2004) (internal quotation marks omitted).

Rule 54(b) provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed.R.Civ.P. 54(b). This Court reviews district court determinations under Rule 54(b) under the law-of-the-case doctrine. *Coopers & Lybrand,* 322 F.3d at 167.

Under the law-of-the-case doctrine a court has discretion to re-examine an issue in certain circumstances.[2] This is a discretionary doctrine, *United States v. Becker,* 502 F.3d 122, 127 (2d Cir.2007), and "courts are understandably reluctant to reopen a ruling once made, especially when one judge or court is asked to consider the ruling of a different judge," *Ali v. Mukasey,* 529 F.3d 478, 490 (2d Cir.2008) (internal quotation marks omitted). "The decision whether or not to apply law-of-the-case is informed principally by the concern that disregard of an earlier ruling not be allowed to prejudice the party seeking the benefit of the doctrine." *Prisco v. A & D Carting Corp.,* 168 F.3d 593, 607 (2d Cir. 1999) (internal quotation marks and alterations omitted). In this context, prejudice "refers to a lack of sufficiency of notice or a lack of sufficient opportunity to prepare armed with the knowledge that the prior

**2.** The circumstances enumerated by this Court are: (1) "when the appellant did not previously have an incentive or opportunity to raise the issue"; (2) "when the issue arises from events that occurred after the original appeal"; or (3) "in light of other cogent and

compelling reasons such as an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *United States v. Frias,* 521 F.3d 229, 235 n. 6 (2d Cir.2008) (internal quotation marks omitted).

ruling is not deemed controlling." *United States v. Uccio,* 940 F.2d 753, 758 (2d Cir.1991) (internal quotation marks and alterations omitted).

Rule 15(a)(2) provides that in cases in which a party has already amended its pleadings once as a matter of right, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R.Civ.P. 15(a)(2). While the district court should "freely give leave" to amend, this is not carte blanche for a plaintiff to continually amend its pleadings. "A district court has discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *McCarthy v. Dun & Bradstreet Corp.,* 482 F.3d 184, 200 (2d Cir.2007).

Therefore, a court has discretion to deny either a 15(a) or 54(b) motion upon a finding that undue prejudice would result from a grant of the motion. The district court determined PwC would be unduly prejudiced were PERA permitted to amend its complaint, and we see no abuse of discretion in this determination. PERA is trying to reinsert PwC in this litigation a year after PERA's claims against PwC were dismissed and after PERA waived amending its complaint, and eleven months after PERA stipulated to release all claims against PwC with prejudice.

The district court did not rest its decision on any error of law or clearly erroneous factual finding, and its decision was within a permissible range of decisions-especially since revising the dismissal would involve second-guessing the ruling of the district court judge previously assigned to the case. Under either Rule 15(a) or Rule 54(b) the district court did not abuse its discretion in denying PERA's motion to re-include PwC as a defendant.[3]

Accordingly, for the reasons set forth above, the judgment of the district court is AFFIRMED.

---

**3.** PERA argues that the district court's statement that PERA's evidence against PwC did not amount to a "proverbial 'smoking gun'" was an erroneous statement of law in light of *Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 127 S.Ct. 2499, 2510, 168 L.Ed.2d 179 (2007) ("The inference that the defendant acted with scienter need not be irrefutable, i.e., of the 'smoking-gun' genre. ..."). We decline to decide whether the district court committed an error of law because the district court's denial rested on other valid grounds, and therefore we need not divine the meaning of the district court's statement.

Also, we need not decide whether the PSLRA bars a plaintiff from using evidence obtained in discovery in litigation with one defendant to re-instate a claim against a defendant which had previously been dismissed for failure to state a claim.