**Aaron ABADA, on behalf of himself and all others similarly situated, Plaintiffs,**

v.

**CHARLES SCHWAB & CO., INC., Defendant.**

No. 99–CV–940–L JA.

United States District Court, S.D. California.

Oct. 2, 2000.

---

**1102**

James C Krause, Krause and Kalfayan, San Diego, CA, for plaintiff.

Robert E Gooding, Jr., Howrey Simon Arnold and White, Newport Beach, CA, Gilbert R Sevota, Howard Rice Nemerovski Canady Falk and Rabkin, San Francisco, CA, for defendant.

## ORDER DENYING MOTION TO DISMISS [doc. # ]; VACATING THE COURT'S SEPTEMBER 7, 1999 ORDER [doc. # 16]; STRIKING THE FIRST AMENDED COMPLAINT AND REMANDING THIS ACTION TO STATE COURT

LORENZ, District Judge.

Defendant Charles Schwab & Co., Inc. ("Schwab") moves to dismiss plaintiff's First Amended Complaint ("FAC") for failure to state a claim and for failure to meet the pleading requirements of the Private Securities Litigation Reform Act of 1995 ("PSLRA") and Federal Rule of Civil Procedure 9(b). Having fully considered this motion and the record in this case, and finding this matter suitable for submission without oral argument pursuant to Local Civil Rule 7.1.d.1, the Court enters the following order.

### BACKGROUND

Plaintiff filed his complaint in state court alleging five state-law causes of action. Defendant removed the action contending plaintiff's complaint actually was a securities fraud action and all plaintiff's claims were preempted by the Securities Litigation Uniform Standards Act of 1998 ("Uniform Standards Act"). Plaintiff sought to remand the action contending that Schwab's misrepresentations were not "in connection with the purchase or sale of a covered security" within the meaning of 15 U.S.C. § 78bb(f)(1) of the Uniform Standards Act. The Court denied plaintiff's motion for remand on September 7, 1999 [doc. # 16] finding the "in connection with" lan-

guage to be so broad as to encompass the allegations in the Complaint of unfair trade practices, false and misleading advertising, unjust enrichment, negligent misrepresentation, and fraud and deceit.

As a result of the denial of the remand motion, plaintiff was, in essence, required to file an amended complaint in order to meet the stringent pleading standards required by the Private Securities Litigation Reform Act of 1995 ("PSLRA") and *In re Silicon Graphics, Inc. Sec. Litig.,* 183 F.3d 970, 975 (9th Cir.1999). Defendant now moves to dismiss the First Amended Complaint ("FAC") for failure to meet the pleading standards. In opposing defendant's motion, plaintiff also seeks a "reexamination" of the order denying remand based on the Court's broad reading of the "in connection with" language. Defendant opposes any reconsideration as untimely and improper under Federal Rule of Civil Procedure 60.

### Law of the Case

■ District courts retain inherent authority to revise interim or interlocutory orders any time before entry of judgment. *See, e.g., Amarel v. Connell,* 102 F.3d 1494, 1515 (9th Cir.1996) ("[T]he interlocutory orders and rulings made pre-trial by a district judge are subject to modification by the district judge at any time prior to final judgment."); *Balla v. Idaho State Bd. of Corrections,* 869 F.2d 461, 465 (9th Cir. 1989); FED. R. CIV. P. 54(b).[1] A district court may reconsider and reverse a previous interlocutory decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of controlling law. *Washington v. Garcia,* 977 F.Supp. 1067, 1068 (S.D.Cal.1997); *Sport Squeeze, Inc. v. Pro-Innovative Concepts, Inc.,* 51 U.S.P.Q.2d 1764, 1771, 1999 WL 696009 (S.D.Cal. 1999). But a court should generally leave a previous decision undisturbed absent a showing that it either represented clear error or would work a manifest injustice.

---

1. Defendant contends that plaintiff cannot make the showing required under Rule 60(b). The Court need not address this argument because Rule 60(b) applies only to final judgments, and not to interlocutory orders.

*Christianson v. Colt Indus. Operating Corp.,* 486 U.S. 800, 817, 108 S.Ct. 2166, 2178, 100 L.Ed.2d 811 (1988).

■ In considering defendant's motion to dismiss, the Court also reviewed the original complaint, the FAC, and the papers filed in connection with the motion for remand. Having carefully considered the issues presented, the Court finds and concludes its prior order denying remand is clearly erroneous and to require plaintiff to litigate a securities fraud action when such an action was not intended would work a manifest injustice. Plaintiff's original complaint set forth appropriate state law claims under the factual scenario pleaded and the claims are not preempted by the Uniform Standards Act. In the absence of preemption, there is no federal subject matter jurisdiction and remand of plaintiff's original action to the state court is appropriate.

Plaintiff alleges in his original complaint that he opened an on-line securities trading account with defendant, a large brokerage firm. Plaintiff chose defendant because Schwab represented that it would provide fast, high quality executions of trades. Abada contends he lost money in trading on a "hot" internet company on November 13, 1998 because Schwab was technically unable to place his order in a timely manner even though Schwab had advertised that online trades were subject to immediate execution.

The Court's prior order correctly noted the Uniform Standards Act's language is sweeping in its coverage. *See* Order at 6. However, the substance of plaintiff's original claims are not the type of allegations associated with securities fraud. The purpose of the Securities Act of 1933 and the Securities Exchange Act of 1934, and specifically Rule 10b–5, was and remains to protect investors against manipulation of stock prices, to promote fair, equitable trading practices, and to insure fairness in securities transactions. None of these purposes is satisfied by construing plaintiff's claims as being brought under the securities laws.

As plaintiff correctly argued in his motion for remand, defendant's conduct had nothing to do with the trading of any particular security and any misrepresentation made by Schwab did not affect the value of the security but merely involved the relationship between Schwab and its customers. Even reading the "in connection with the purchase or sale of securities" language broadly, any loss suffered by plaintiff was the result of Schwab's technical inability to process an order request, and was not the result of market manipulation or misrepresentations concerning the risk of a particular investment or investment system.

### Conclusion

Because remand is appropriate, the Court vacates the Court's September 7, 1999 Order [doc. # 16]; denies defendant's motion to dismiss the FAC; strikes the FAC; and remands plaintiff's original action to the Superior Court for the County of San Diego.

**IT IS SO ORDERED.**