OPINION
 

 THOMAS, Circuit Judge.
 

 This appeal presents the question of whether we have appellate jurisdiction over a district court order remanding to state court a class action suit alleging that a securities broker misled its customers concerning the capabilities of its on-line investment system. We dismiss for lack of appellate jurisdiction.
 

 I
 

 In 1996, Charles Schwab, Inc., (“Schwab”) became the first major securities broker to allow its customers to conduct securities transactions over the internet. By November 1998, Schwab was the largest provider of on-line brokerage services. Schwab’s growth in the on-line trading market was fueled by a marketing and advertising campaign that extolled its on-line trading service as convenient, fast,
 
 *1115
 
 and efficient. For example, Schwab’s Online Investing Brochure stated:
 

 it comes to easy, convenient ways invest, it’s hard to find a better tool schwab.com. With a click you’re connected — to current news and research, to trading and to all your Schwab accounts. ... To place a trade online, simply select the security type the action. Once you’ve confirmed order, it’s sent through Schwab directly to the trading floor. Market orders entered while the market is open subject to immediate execution.
 

 Aaron Abada opened an account with Schwab in November 1998, allegedly in reliance on Schwab’s representations that Schwab would provide fast, high quality executions, which Abada says he reasonably understood to mean immediate order executions at the best prices available.
 

 Abada alleges that Schwab’s on-line system was, in fact, somewhat limited at the time: that its systems could only support 4% of its on-line customers simultaneously. Abada claims this capacity was insufficient to meet customer demand, particularly during the initial trading of new internet stocks.
 

 On November 13, 1998, matters came to a head for Abada. On that day, the-globe.com, Inc. (Nasdaq ticket symbol “TGLO”) was scheduled to begin secondary trading on the Nasdaq after its initial public offering on the previous day. According to Abada, he placed a market order through Schwab’s website shortly before the market opened to buy 500 shares of TGLO. Abada received an “Order Acknowledgment” stating that his order had been received. When the market opened, TGLO was trading at $50 1/8 a share. Shortly thereafter, Abada decided to sell his TGLO shares. After numerous failed attempts to log onto the Schwab’s website, Abada was finally able to access his account. However, his account did not reflect an order confirmation, because the purchase order had been delayed more than three hours. Abada eventually learned that 500 TGLO shares were purchased for $86 1/2, more than $36 more than the price at the time that Abada placed his order. By the time that Abada learned that he had purchased shares at $86 1/2, the price for TGLO shares had plummeted to $70 a share.
 

 In April 1999, Abada filed suit in the Superior Court for the County of San Diego, on behalf of himself and a class of “all investors who had online accounts with Schwab on November 13, 1998 and: (A) who placed market orders to purchase or sell TGLO, (B) whose market orders were delayed by more than one minute and executed at disadvantageous prices, and (C) who were damaged thereby.” Abada’s complaint alleged that Schwab’s actions violated various statutory and common law rights. Specifically, Abada alleged that Schwab: (1) committed acts of unfair competition in violation of California Business and Professions Code § 17200 by “falsely and inaccurately representing” that it could provide customers with timely access to their accounts when Schwab knew or should have known that it lacked the capacity to do so; (2) committed acts of untrue and misleading advertising in violation of California Business and Professions Code § 17500 in order to induce potential customers to open accounts; (3) was unjustly enriched by its deceptive practices; (4) negligently made 12294 untrue statements of material fact regarding the characteristics and capabilities of its trading system in order to induce potential customers to open accounts; and (5) knowingly made untrue statements of material fact regarding the characteristics and capabilities of its trading system in order to induce potential customers to open accounts.
 

 Schwab removed the case to federal court pursuant to 28 U.S.C. §§ 1441 and
 
 *1116
 
 1446 and the Securities Litigation Uniform Standards Act of 1998 (“SLUSA”). SLU-SA prohibits a private party from bringing a “covered class action” in federal or state court based on the statutory or common law of a state alleging a “misrepresentation or omission of a material fact” or the use of “any manipulative device or contrivance” “in connection with the purchase or sale of a covered security.” 15 U.S.C. § 78bb(f)(1). SLUSA provides that any such class action brought in state court “shall be removable to federal court.” 15 U.S.C. § 78bb(f)(2). Abada moved to remand, arguing that his claims were not preempted by SLUSA because they did not allege misrepresentations “in connection with” the purchase or sale of a covered security.
 

 The district court held that Abada’s claims were completely preempted by SLUSA and denied Abada’s motion to remand.
 
 Abada v. Charles Schwab & Co., Inc.,
 
 68 F.Supp.2d 1160 (S.D.Cal.1999). Abada then filed a first amended complaint. The amended complaint continued to include all of the same state law claims, but added an additional claim that Schwab had violated Section 10(b) of the Securities Exchange Act of 1934 and SEC Rule 10b-5.
 

 The case was then transferred to another district judge. Schwab filed a motion to dismiss the first amended complaint. In his opposition to the motion to dismiss, Abada asked the district court to reconsider its refusal to remand. The district court concluded that remand was appropriate because the court lacked subject matter jurisdiction. The court entered an order vacating the prior judge’s order denying the motion to remand, denying the motion to dismiss, striking the first amended complaint, and remanding the original action to state court.
 
 Abada v. Charles Schwab & Co., Inc.,
 
 127 F.Supp.2d 1101 (S.D.Cal.2000). Schwab appeals.
 

 II
 

 The threshold question is whether we have appellate jurisdiction to entertain this appeal, given the general rule that “[a]s long as a district court’s remand is based on a timely raised defect in removal procedure or on a lack of subject matter jurisdiction ... a court of appeals lacks jurisdiction to entertain an appeal of a remand order under § 1447(d).”
 
 Things Remembered, Inc. v. Petrarca,
 
 516 U.S. 124, 116 S.Ct. 494, 133 L.Ed.2d 461 (1995).
 

 The district court remanded this case to state court because it concluded that it lacked subject matter jurisdiction.
 
 Abada,
 
 127 F.Supp.2d at 1103. The district court reasoned that Abada’s complaint included only state law causes of action, and therefore it only had federal question jurisdiction over the complaint if Abada’s state law claims were completely pre-empted by SLUSA. The district court then determined that SLUSA did not completely preempt Abada’s state law claims and remanded Abada’s complaint to state court for lack of federal subject matter jurisdiction.
 

 Thus, unless one of the exceptions to the general rule applies, we do not have appellate jurisdiction to review the remand order because it was founded on the absence of subject matter jurisdiction.
 
 Yakama Indian Nation v. State of Wash. Dept. of Revenue,
 
 176 F.3d 1241, 1248 (9th Cir.1999). “Remand orders based on a defect in removal procedure or lack of subject matter jurisdiction are immune from review even if the district court’s order is erroneous.”
 
 Id.
 
 (citing
 
 Krangel v. General Dynamics Corp.,
 
 968 F.2d 914, 916 (9th Cir.1992)).
 

 A
 

 Section 1447(d) does not bar appellate review of a district court’s
 
 discre
 
 
 *1117
 

 tionary
 
 decision not to exercise jurisdiction.
 
 See Quackenbush v. Allstate Ins. Co.,
 
 517 U.S. 706, 712, 116 S.Ct. 1712, 135 L.Ed,2d 1 (1996);
 
 City of Tucson v. U.S. West Communications, Inc.,
 
 284 F.3d 1128, 1131 (9th Cir.2002) (“[I]t is clear that non-jurisdictional, discretionary remands are not barred from appellate review.”). We are not bound by the district court’s characterization of its authority for remand.
 
 Ferrari, Alvarez, Olsen & Ottoboni v. Home Ins. Co.,
 
 940 F.2d 550, 553 (9th Cir.1991). Thus, if we concluded that the district court’s order was the result of an exercise of discretion, we could review it. However, such is not the case here.
 

 Schwab claims that the district court was exercising its discretion in remanding the case because the amended complaint included a federal cause of action that conferred subject matter jurisdiction on the court. Thus, Schwab reasons, the district court necessarily must have been exercising its discretion in remanding, rather than doing so on a jurisdictional basis.
 

 However, Schwab’s argument proceeds from a false premise. The complaint that Schwab removed to federal court contained only state law claims, which are ordinarily insufficient to invoke federal subject matter jurisdiction.
 
 Patenaude v. The Equitable Life Assurance Soc’y.,
 
 290 F.3d 1020, 1023 (9th Cir.2002). It was only after the complaint was removed that Abada amended it to include a federal cause of action. “In determining the existence of removal jurisdiction, based upon a federal question, the court must look to the complaint
 
 as of the time the removal petition was filed.
 
 Jurisdiction is based on the complaint as originally filed and not as amended.”
 
 O’Halloran v. Univ. of Wash.,
 
 856 F.2d 1375, 1379 (9th Cir.1988) (emphasis added).
 
 [1]
 
 Thus, the fact that Abada amended his complaint to include a federal claim is of no significance with regard to removal jurisdiction.
 
 Libhart v. Santa Monica Dairy Co.,
 
 592 F.2d 1062, 1065 (9th Cir.1979) (holding that a district court that does not have jurisdiction over the complaint as removed does not have jurisdiction to entertain a later amendment to the complaint). The district court concluded that it lacked subject matter jurisdiction on the basis of the removed complaint that was entirely founded on state law claims. In doing so, the court was not exercising its discretion, but reaching a legal conclusion. As such, the remand order was not the product of a discretionary decision that would be subject to appellate review.
 

 The fact that the district court elected to reconsider an order of the judge previously assigned to this case does not alter this conclusion. Schwab argues that, because reconsideration is an action of discretion, the resulting order on the merits is also transformed into a discretionary decision. This logic conflates two distinct district court actions. It is true that the decision by a district judge to reconsider a previously-assigned judge’s order is subject to appellate review under an abuse of discretion standard.
 
 Amarel v. Connell,
 
 102 F.3d 1494, 1515 (9th Cir.1996). However, Schwab is not seeking review of that act.
 
 [2]
 
 Rather, it has appealed the merits of
 
 *1118
 
 the remand order, and the legal principles governing appellate review of that decision are not altered by the prior act of reconsideration.
 

 B
 

 The district court order would also be subject to appellate review if it were based on the resolution of any substantive issue apart from a jurisdictional issue.
 
 Clorox Co. v. United States Dist. Ct.,
 
 779 F.2d 517, 520 (9th Cir.1985);
 
 Pelleport Investors, Inc. v. Budco Quality Theatres, Inc., 741
 
 F.2d 273 (9th Cir.1984). Here, Schwab contends that the
 
 Clorox/Pelleport
 
 doctrine applies because the district court was required to construe the provisions of SLUSA in order to determine if it had subject matter jurisdiction. However, we do not acquire appellate jurisdiction over a remand order simply because the district court was required to resolve a novel legal issue in order to determine whether to remand based on the absence of subject matter jurisdiction. If deciding a substantive legal question is necessary to determine whether subject matter jurisdiction existed, the
 
 Clorox/Pelleport
 
 exception does not apply.
 
 Lyons v. Alaska Teamsters Employer Serv. Corp.,
 
 188 F.3d 1170, 1173 (9th Cir.1999).
 
 [3]
 

 In this case, resolution of the substantive legal question was a necessary predicate to deciding the existence of subject matter jurisdiction. “The presence or absence of federal-question jurisdiction is governed by the ‘well-pleaded complaint rule,’ which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiffs well-pleaded complaint.”
 
 Caterpillar, Inc. v. Williams,
 
 482 U.S. 386, 392-93, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987) (citing
 
 Gully v. First Nat’l Bank,
 
 299 U.S. 109, 112-13, 57 S.Ct. 96, 81 L.Ed. 70 (1936)). The plaintiff is the “master of the claim,” and “may avoid federal jurisdiction by exclusive reliance on state law.”
 
 Id.
 
 A plaintiff may also choose to invoke federal jurisdiction by pleading a federal claim. However, the choice belongs to the plaintiff. “[A] case may
 
 not
 
 be removed to federal court on the basis of a federal defense, including the defense of preemption, even if the defense is anticipated in the plaintiffs complaint, and even if both parties concede that the federal defense is the only question truly at issue.”
 
 Id.
 
 (citing
 
 Franchise Tax Bd. v. Constr. Laborers Vacation Trust,
 
 463 U.S. 1, 12, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)).
 

 Of course, a statute may so completely preempt state law that it occupies the en
 
 *1119
 
 tire field, barring assertion of any state law claims and permitting removal to federal court.
 
 Caterpillar,
 
 482 U.S. at 393, 107 S.Ct. 2425;
 
 see also Paige v. Henry J. Kaiser Co.,
 
 826 F.2d 857, 860-61 (9th Cir.1987). Schwab argues that the complete preemption rule applies here. In order to decide whether it had subject matter jurisdiction, the district court was required to decide whether Abada’s claims were completely preempted by SLUSA. Because construction of SLUSA was necessary for the resolution of subject matter jurisdiction, the
 
 Clorox/Pelleport
 
 exception does not apply to create appellate jurisdiction.
 
 [4]
 

 C
 

 It is also irrelevant that its removal and the district court’s remand order were based in part on SLUSA’s express removal and remand provisions. SLUSA does contain its own removal provision, which provides for the removal of “[a]ny covered class action” “based upon the statutory or common law of any State” “alleging a misrepresentation or omission of a material fact in connection with the purchase or sale of a covered security.” 15 U.S.C. § 78bb(f)(1) and (2). SLUSA also contains its own remand provision, which states: “[i]n an action that has been removed from a State court pursuant 'to [SLUSA’s removal provision], if the federal court determines that the action may be maintained in state court pursuant to this subsection, the Federal court shall remand such action to such State court.” 15 U.S.C. § 78bb(f)(3)(D). SLUSA does not specifically bar appellate review of such remand orders.
 

 However, the Supreme Court has held § 1447(d)’s prohibition of appellate review of remand orders applies “ ‘not only to remand orders made in suits removed under[the general removal statute], but to orders of remand made in cases removed under
 
 any other statutes
 
 as well.’ ”
 
 Things Remembered,
 
 516 U.S. at 124, 116 S.Ct. 494 (quoting
 
 United States v. Rice,
 
 327 U.S. 742, 752, 66 S.Ct. 835, 90 L.Ed. 982 (1946)) (modification and emphasis in original);
 
 see also FSLIC v. Frumenti Development Corp.,
 
 857 F.2d 665, 669 (9th Cir.1988). Thus, § 1447(d)’s bar on the review of remand orders applies regardless of whether the case was removed pursuant to the general removal statute or the removal provisions of SLUSA.
 

 D
 

 In sum, none of the relevant exceptions to the statutory prohibition of appellate review of district court orders remanding complaints for lack of subject matter jurisdiction applies. Therefore, we must dismiss this appeal for lack of appellate jurisdiction, without reaching any other legal question presented by the parties.
 

 DISMISSED.
 

 [1]
 

 . If the remand decision were based on the amended complaint, the result would be different.
 
 See Lee v. American Nat. Ins. Co.,
 
 260 F.3d 997, 1002 (9th Cir.2001). However,
 
 O’Halloran
 
 precludes analysis based on a subsequent pleading.
 

 [2]
 

 .
 
 Nor, under the circumstances presented by this case, would we consider the act of reconsideration to be an abuse of discretion. Every court is required to satisfy itself of its own jurisdiction.
 
 Steel Co. v. Citizens for a Better Environment,
 
 523 U.S. 83, 94, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998). Indeed, ''[t]he re
 
 *1118
 
 moval statute directs district courts to remand any case removed from a state court '[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction.' "
 
 Gibson v. Chrysler Corp.,
 
 261 F.3d 927, 932 (9th Cir.2001). Further, “because ultimately the judge who enters the final judgment in the case is responsible for the legal sufficiency of the ruling,’’ a judge has the authority to reconsider the orders entered by a prior judge, subject to review for abuse of discretion.
 
 Fairbank v. Wunderman Cato Johnson,
 
 212 F.3d 528, 530 (9th Cir.2000).
 

 [3]
 

 .
 
 Sever v. Alaska Pulp Co.,
 
 978 F.2d 1529 (9th Cir.1992) is not to the contrary. The complaint in
 
 Sever
 
 was initially filed in federal court and included both federal and state law causes of action over which the district court had supplemental jurisdiction.
 
 Id.
 
 at 1533. After granting summary judgment on the federal law claims, the district court dismissed the state law claims without prejudice and remanded them to state court.
 
 Id.
 
 at 1538-39. Under these circumstances, we explicitly recognized that § 1447(d) was not implicated because there was no contention that the state law claims were dismissed because "removal was 'improvident or without jurisdiction.’ ”
 
 Id.
 
 at 1539. It was only after the district court granted summary judgment against the plaintiff on his federal claims that the court exercised its discretion in remanding the state claims, a decision which was appealable.
 
 See, e.g., Lee v. City of Beaumont,
 
 12 F.3d 933, 935 (9th Cir.1993). Thus,
 
 Sever
 
 is inapposite.
 

 [4]
 

 . Contrary to Schwab’s arguments, the potential for issue preclusion in stale court does not alter this conclusion.
 
 Hansen v. Blue Cross,
 
 891 F.2d 1384, 1389 (9th Cir.1989) ("Blue Cross also argues that this remand order should be reviewable because the district court’s decision might affect its ability to raise ERISA as a defense to plaintiff's action in state court.... Although we see the potential for a problem, section 1447(d) precludes appellate review.”).