360 F.3d 960
 UNITED INVESTORS LIFE INSURANCE COMPANY, Plaintiff-Appellee,
v.
WADDELL & REED INC.; Waddell & Reed Financial Inc.; Waddell & Reed Financial Services Inc.; W & R Insurance Agency Inc.; Thomas A.N. Miller; Cheryl Aldava; David Atkinson; Timothy Glenn; Eric Hoopingarner, Michael Ingaglio; Duane Johnson; Carolyn Joyce; Gloria Kimmel; William Knoke; Mark Larsen; Carolyn Leone; Albert Martinez; John Morreale; Joyce O'Donnell; Elizabeth Ruch; Kenneth Sheets; Bobby Yount, Defendants-Appellants.
 No. 02-56278.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted October 10, 2003.
 Filed February 23, 2004.
 
 Rex S. Heinke, Akin, Gump, Strauss, Hauer & Feld, Los Angeles, CA, Robert F. Scoular, Sonnenschein Nath & Rosenthal, Los Angeles, CA, and Joseph P. Busch, III, Gibson Dunn & Crutcher, for the defendants-appellants.
 William J. Baxley, South Birmingham, AL, and Michael Himes, Perkins Coie, San Francisco, CA, for the plaintiff-appellee.
 Appeal from the United States District Court for the Central District of California Terry J. Hatter, Chief District Judge, Presiding. D.C. No. CV-01-09684-TJH.
 Before J. CLIFFORD WALLACE, PAMELA ANN RYMER, and RICHARD C. TALLMAN, Circuit Judges.
 Opinion by Judge Wallace
 OPINION
 WALLACE, Senior Circuit Judge:
 
 
 1
 Defendants Waddell & Reed, Inc., and its various associated entities, (Waddell & Reed) timely appeal from a district court order denying their motion to dismiss Plaintiff United Investors Life Insurance Co.'s (United Investors) state-law securities action and sua sponte remanding the action to state court. Waddell & Reed argues that the district court erred in determining that the Securities Litigation Uniform Standards Act (SLUSA), 15 U.S.C. §§ 77p(b), 78bb(f)(1), does not preempt United Investors's representative class action, and that it should not have remanded the case. Because we lack jurisdiction to review the district court's remand order, we dismiss the appeal.
 
 I.
 
 2
 The allegations in the complaint provide us with the background of this dispute. Waddell & Reed is a federally registered investment advisor and broker that sells mutual funds, variable annuities, and financial planning services. Waddell & Reed maintained a contractual relationship with United Investors, an Alabama-headquartered life insurance company, whereby Waddell & Reed sold United Investors variable annuities in exchange for a commission. United Investors alleges that its relationship with Waddell & Reed began to sour when Waddell & Reed threatened to cause United Investors policyholders to switch to a rival company unless United Investors consented to increase its commission compensation beyond the original contract price.
 
 
 3
 United Investors rebuffed these demands and terminated its relationship with Waddell & Reed with respect to future variable annuity contracts. In response, Waddell & Reed commenced "a concerted campaign to induce, pressure, and cause United Investors policyholders to replace their United Investors variable annuity contracts with variable annuity contracts issued by" a competitor of United Investors. Within approximately eight months, Waddell & Reed's agents had replaced almost $444 million of United Investors variable annuity policies. Of this sum, nearly $96 million came from California policyholders. United Investors alleges that Waddell & Reed's agents procured these replacement contracts by using material misstatements and misrepresentations, as well as other deceptive and manipulative practices, to pressure and deceive United Investors's policyholders.
 
 
 4
 On October 10, 2001, United Investors filed this action in Los Angeles County Superior Court on behalf of persons who purchased its variable annuities from Waddell & Reed. United Investors contends that Waddell & Reed's alleged foul play violates California's Business and Professions Code § 17200 et seq., which prohibits "unfair competition," including any "unlawful, unfair or fraudulent business act or practice" and any "unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof.Code § 17200. On behalf of its past and present policyholders, United Investors sought injunctive relief to prevent Waddell & Reed from continuing its allegedly false and misleading sales practices, as well as restitution of commissions and other income derived from these practices to be paid to United Investors's policyholders.
 
 
 5
 Waddell & Reed filed a timely notice of removal in federal court, asserting federal subject matter jurisdiction pursuant to SLUSA, a federal statute that preempts state-law securities actions under the following circumstances:
 
 
 6
 No covered class action based upon the statutory or common law of any State or subdivision thereof may be maintained in any State or Federal court by any private party alleging —
 
 
 7
 (1) an untrue statement or omission of a material fact in connection with the purchase or sale of a covered security; or
 
 
 8
 (2) that the defendant used or employed any manipulative or deceptive device or contrivance in connection with the purchase or sale of a covered security.
 
 
 9
 15 U.S.C. § 77p(b); see also id. § 78bb(f)(1) (containing virtually identical language).
 
 
 10
 Having removed the case to federal court, Waddell & Reed immediately filed a motion to dismiss United Investors's complaint. Waddell & Reed's notice of removal contends that United Investors's state-law securities action falls squarely within SLUSA's preemption provisions because it constitutes a "covered class action" that alleges "an untrue statement or omission of a material fact ... or ... that the defendant used or employed [a] manipulative or deceptive device or contrivance in connection with the purchase or sale of a covered security." Id. § 77p(b). Relying on SLUSA's preemptive scope, Waddell & Reed argued that the district court should dismiss the action.
 
 
 11
 In response to Waddell & Reed's motion to dismiss, the district court issued a remand order stating only that:
 
 
 12
 The Court has considered Defendants' motion to dismiss, together with the moving and opposing papers.
 
 
 13
 It is Ordered that the motion to dismiss be, and hereby is, Denied.
 
 
 14
 It is further Ordered, sua sponte, that the case be, and hereby is, Remanded.
 
 II.
 
 15
 Before advancing to the merits of Waddell & Reed's federal preemption claim, we must first ascertain whether we possess jurisdiction to review the district court's order. 28 U.S.C. § 1447(d) declares in part that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal." Courts have narrowed the reach of this facially unlimited proscription by construing it to preclude only appellate review of remand orders based on one of the two grounds listed in subsection 1447(c): lack of subject matter jurisdiction or removal procedure irregularities. Things Remembered, Inc. v. Petrarca, 516 U.S. 124, 127-28, 116 S.Ct. 494, 133 L.Ed.2d 461 (1995); Abada v. Charles Schwab & Co., 300 F.3d 1112, 1116 (9th Cir.2002). Remand orders based on other grounds, such as abstention, are fully susceptible to appellate review, subsection 1447(d) notwithstanding. Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 711-12, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996); Abada, 300 F.3d at 1116-19. Thus, we may reach the merits of Waddell & Reed's motion to dismiss only if the district court's remand order does not fall within subsection 1447(c).
 
 A.
 
 16
 Waddell & Reed argues that subsection 1447(c) does not apply to this case, because the remand order does not specifically rest on removal procedure irregularities or lack of subject matter jurisdiction. The district court could not have relied on either of these grounds, Waddell & Reed maintains, because its order makes no explicit reference to them, and because the record as a whole suggests that the district court remanded on purely discretionary grounds. Waddell & Reed points out that "only remand orders issued under [subsection] 1447(c) and invoking the grounds specified therein that removal was improvident and without jurisdiction are immune from review under [subsection] 1447(d)." Thermtron Prods., Inc. v. Hermansdorfer, 423 U.S. 336, 346, 96 S.Ct. 584, 46 L.Ed.2d 542 (1976); see also United Nat'l Ins. Co. v. R & D Latex Corp., 242 F.3d 1102, 1111 n. 10 (9th Cir.2001) (stating that subsection 1447(d) does not prevent appellate review of remands based on a district court's failure to exercise discretionary jurisdiction). Thus, if Waddell & Reed is correct that the district court remanded on non-subsection 1447(c) discretionary grounds, then subsection 1447(d) does not bar appellate review.
 
 
 17
 United Investors challenges this interpretation of the district court's order. Subsection 1447(c) precludes appellate review, it argues, because the district court remanded the case for lack of subject matter jurisdiction:
 
 
 18
 Simply put, the district court ... was called upon to decide whether the action should be maintained, if at all, in federal court under SLUSA. The district court's decision was that the action could be maintained on the state court allegations, but only in state court. This is the very sort of remand decision that is shielded from appellate review.
 
 
 19
 While it would have aided our review had the district court identified the specific grounds for remanding sua sponte or had there been any remand motion or argument, their absence does not deter our analysis. In assessing the parties' rival interpretations, we examine the full record before the district court to ascertain the court's "actual reason" for remanding. See Spielman v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 332 F.3d 116, 128-29 (2d Cir.2003); Transit Cas. Co. v. Certain Underwriters at Lloyd's of London, 119 F.3d 619, 623-24 (8th Cir.1997). The remand order's failure to cite subsection 1447(c) affirmatively or to invoke one of its enumerated grounds is not necessarily dispositive. Kunzi v. Pan Am. World Airways, Inc., 833 F.2d 1291, 1294 n. 7 (9th Cir.1987); accord Dalrymple v. Grand River Dam Auth., 145 F.3d 1180, 1184 (10th Cir.1998). But see New v. Sports & Recreation, Inc., 114 F.3d 1092, 1096 (11th Cir.1997) ("[A] district court must openly state its reliance on grounds other than those contained in section 1447(c) to permit review of [a] remand order."). Rather, "[i]n instances of ambiguity," we can determine a district court's actual reason for remanding by examining "the substance of the order," Executive Software N. Am., Inc. v. United States Dist. Court, 24 F.3d 1545, 1549 (9th Cir.1994) (emphasis added), quoting Schmitt v. Ins. Co. of N. Am., 845 F.2d 1546, 1549 (9th Cir.1988), and by "[l]ooking beyond the language of the remand order to all the surrounding circumstances," Clorox Co. v. United States Dist. Court, 779 F.2d 517, 520 (9th Cir.1985).
 
 
 20
 Waddell & Reed asserts that we should not decide that the district court's order rests on one of subsection 1447(c)'s grounds "absent some clear indication in the record that the district court nonetheless intended — rightly or wrongly — to remand on one of the grounds listed therein." Jamison v. Wiley, 14 F.3d 222, 232 (4th Cir.1994) (emphasis added). Accepting this argument might entail remanding to the district court for clarification. Nonetheless, if we conclude that the substance of the order clearly indicates that the district court remanded due to lack of subject matter jurisdiction, we would not need to consider remanding to the district court. Therefore, we now examine the order's substance.
 
 B.
 
 21
 Waddell & Reed's motion to dismiss presented only one substantive legal question: whether SLUSA preempts United Investors's state-law securities action. For purposes of the instant appeal, the parties agree that (1) the variable annuity contracts at issue are "covered securities" under SLUSA's definition; (2) the action rests on state-law claims; and (3) United Investors has alleged a prima facie case that Waddell & Reed employed "untrue statement[s]," "omission[s]," and "manipulative or deceptive device[s] or contrivance[s]." See 15 U.S.C. § 77p(b). Therefore, to demonstrate SLUSA preemption, Waddell & Reed only needed to show that United Investors's action qualifies as a "covered class action," id., which SLUSA defines as "any single lawsuit in which ... damages are sought on behalf of more than 50 persons or prospective class members, and questions of law or fact common to those persons ... predominate over any questions affecting only individual persons or members." Id. § 77p(f)(2)(A). If United Investors's action satisfies these criteria, SLUSA preemption applies, requiring the district court to dismiss the case; if not, the district court could not grant Waddell & Reed's motion to dismiss.
 
 
 22
 Before considering Waddell & Reed's motion to dismiss on the merits, however, the district court had a duty to ascertain whether it possessed subject matter jurisdiction. Waddell & Reed argues on appeal that removal to federal court was premised not only on SLUSA preemption, but also on a broader theory that federal securities law completely preempts United Investors's section 17200 claim even if SLUSA's specific provisions do not. "[E]ven before Congress passed SLUSA," Waddell & Reed contends, "[section] 17200 claims for securities violations were held to be `completely preempted by the federal securities laws.'" See, e.g., Myers v. Merrill Lynch & Co. Inc., 249 F.3d 1087 (9th Cir.2001) (holding that the National Securities Market Improvement Act of 1996 and SEC regulations preempt a section 17200 claim). This alternative basis for subject matter jurisdiction, Waddell & Reed posits, would be left intact notwithstanding a district court decision on SLUSA's preemptive effect.
 
 
 23
 The problem with this argument is that the record does not support Waddell & Reed's assertion that removal to federal court rested, in part, on this alternative complete preemption rationale. Waddell & Reed did not raise this defense in its notice of removal or at any other stage prior to its briefs to this court. While it is true that Waddell & Reed cites 28 U.S.C. § 1331 in its notice of removal, this reference serves only to buttress its case for removal pursuant to SLUSA; the notice of removal does not claim that section 1331 furnishes an independent ground for subject matter jurisdiction. We thus conclude that Waddell & Reed's newly asserted complete preemption defense was not before the district court and does not, therefore, support its argument that the district court could not have remanded for lack of subject matter jurisdiction.
 
 
 24
 Waddell & Reed argues that it is significant that the district court's order first denies the motion to dismiss and then orders the case remanded to state court. It suggests that this ordering "reflect[s] an assumption of jurisdiction and subsequent discretionary decision to remand the case to state court." In other words, Waddell & Reed would have us hold that the district court (1) asserted subject matter jurisdiction, (2) reached the merits of the motion to dismiss, and then (3) remanded the case on discretionary grounds.
 
 
 25
 On its face, the district court's order is susceptible to a second, more plausible reading, namely, that the district court: (1) determined that it lacked subject matter jurisdiction over Waddell & Reed's asserted federal defense, and (2) denied the motion to dismiss and remanded the case on jurisdictional grounds. Cf. Geweke Ford v. St. Joseph's Omni Preferred Care Inc., 130 F.3d 1355, 1358 (9th Cir.1997) (adopting this approach to dispose of a motion to dismiss based on improper ERISA-preemption claims), citing Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir.1988).
 
 
 26
 Logic supports this second reading of the district court's order. Because Waddell & Reed removed the case to federal court exclusively on the strength of its asserted SLUSA preemption defense, the district court's subject matter jurisdiction depended entirely on SLUSA's preemptive scope. As such, the district court's jurisdictional and merits analyses were inseparably connected: in order to establish jurisdiction over Waddell & Reed's motion to dismiss, the district court would have had to decide Waddell & Reed's SLUSA preemption claim in its favor. Abada, 300 F.3d at 1118-19. Since the order itself denies Waddell & Reed's motion to dismiss, the district court clearly did not accept Waddell & Reed's SLUSA-preemption argument on the merits. In other words, Waddell & Reed's reading assumes that the district court accepted its SLUSA-preemption argument for jurisdictional purposes only to reject the same argument at the merits stage. The record does not compel us to impute this irrational reasoning to the district court's analysis. Rather, as in Kunzi, "it seems apparent that at the time of the remand order the judge believed the case was not removable, leading to the logical inference that he felt jurisdiction was lacking." Kunzi, 833 F.2d at 1294 n. 7 (internal brackets omitted), quoting In re Weaver, 610 F.2d 335, 337 (5th Cir.1980).
 
 
 27
 Waddell & Reed further maintains that we should not infer that the district court remanded due to lack of subject matter jurisdiction because United Investors did not file a motion to remand on this basis and the parties did not brief this issue before the district court. This characterization of United Investors's written argument is misleading. United Investors's oppositions papers specifically entreat the district court to decide that SLUSA does not preempt its action and to remand the case to state court on this basis; none of the papers submitted to the district court addresses the discrete question presented here: whether the district court's prospective remand would rest on lack of subject matter jurisdiction or another ground. Waddell & Reed does not dispute, however, that United Investors briefed the substantive legal question upon which subject matter jurisdiction depended (i.e., SLUSA preemption) and invoked an appropriate statutory authorization for a remand based on lack of subject matter jurisdiction (i.e., SLUSA's remand provision). See 15 U.S.C. §§ 77p(d)(4), 78bb(f)(3)(D) (providing that federal courts shall remand actions removed pursuant to SLUSA if "the Federal court determines that the action may be maintained in State court"); Spielman, 332 F.3d at 125-27 (explaining that 15 U.S.C. § 78bb(f)(3)(D) requires remand when a district court lacks subject matter jurisdiction and that subsection 1447(d) applies to these remand orders). Moreover, while United Investors's opposition papers filed in the district court anticipate a remand based on lack of subject matter jurisdiction, neither party makes even passing reference to the district court's discretionary authority to remand under 28 U.S.C. § 1367(c) or any other federal statute. Thus, the record bolsters our conclusion that the district court based its sua sponte remand on a perceived lack of subject matter jurisdiction.
 
 
 28
 United Investors's failure to challenge jurisdiction explicitly at the trial level does not alter our analysis for another reason: a district court's duty to establish subject matter jurisdiction is not contingent upon the parties' arguments. It is well established that "lack of federal jurisdiction cannot be waived or be overcome by an agreement of the parties." Mitchell v. Maurer, 293 U.S. 237, 244, 55 S.Ct. 162, 79 L.Ed. 338 (1934); see also Toumajian v. Frailey, 135 F.3d 648, 652 (9th Cir.1998) ("In this action, as in all actions before a federal court, the necessary and constitutional predicate for any decision is a determination that the court has jurisdiction — that is the power — to adjudicate the dispute."). Here the district court had a duty to establish subject matter jurisdiction over the removed action sua sponte, whether the parties raised the issue or not. Feidt v. Owens Corning Fiberglas Corp., 153 F.3d 124, 128 (3d Cir.1998). When the district court concluded, pursuant to its jurisdictional analysis, that SLUSA does not preempt United Investors's action, "the court was not," as Waddell & Reed contends, "exercising its discretion, but reaching a legal conclusion. As such, the remand order was not the product of a discretionary decision that would be subject to appellate review." Abada, 300 F.3d at 1117.
 
 III.
 
 29
 Because subsection 1447(d) precludes appellate review of the district court's remand order, we lack jurisdiction to consider Waddell & Reed's motion to dismiss on the merits. This would be true even if the district court clearly misapplied SLUSA's preemption provisions. Gravitt v. Southwestern Bell Tel. Co., 430 U.S. 723, 723, 97 S.Ct. 1439, 52 L.Ed.2d 1 (1977) (per curiam); see also Hansen v. Blue Cross of Calif., 891 F.2d 1384, 1387 (9th Cir.1989) (explaining that subsection "1447(d) precludes review of a district court's jurisdictional decision even if it was clearly wrong"); Pelleport Investors, Inc. v. Budco Quality Theatres, Inc., 741 F.2d 273, 279 n. 3 (9th Cir.1984) (stating that an appellate court may not review a district court's refusal to address a motion to dismiss when "a remand order ends the federal court's jurisdiction"). Thus, we cannot and do not rule on the merits of the district court's preemption determination, but only dismiss Waddell & Reed's appeal for lack of jurisdiction.
 
 
 30
 DISMISSED.