Tony W. DAVIS, Jr., Plaintiff—Appellant,

v.

JOHN HANCOCK VIABLE LIFE INSURANCE COMPANY, Defendant—Appellee.

No. 03–17274.

United States Court of Appeals, Ninth Circuit.

Submitted June 6, 2008.*

Filed Oct. 3, 2008.

Augusto Toraya, Glendale, AZ, Tony W. Davis, Jr., Fountain Hills, AZ, for Plaintiff–Appellant.

Richard A. Derevan, Esquire, Snell & Wilmer LLP, Costa Mesa, CA, Waldemar J. Pflepsen, Jr., Esquire, Shaunda A. Patterson–Strachan, Esquire, Jorden Burt, LLP, Washington, DC, Russell B. Stowers, Esquire, Law Offices of Joel L. Herz, Tucson, AZ, for Defendant–Appellee.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: SKOPIL, FARRIS, and BEEZER, Circuit Judges.

MEMORANDUM **

Tony Davis and other named plaintiffs brought this class action in state court against John Hancock, alleging fraud and misrepresentation in the sale of variable whole life insurance policies. After the action was removed from state court, the federal district court granted John Hancock's motion to dismiss based on federal preemption and awarded attorney fees. We affirm.

1. *Dismissal*

The Securities Litigation Uniform Standards Act of 1998 (SLUSA), 15 U.S.C. §§ 78bb(f)(1); 77p(b), mandates the dismissal of "covered class actions" brought under state law that allege misrepresentation or omission of material facts in connection with the purchase or sale of a "covered security." *See U.S. Mortgage, Inc. v. Saxton,* 494 F.3d 833, 841 (9th Cir.2007) (quotations in original). To ensure that federal law applies, SLUSA prohibits securities class actions based on state law whether they are filed in state or federal court. *See Patenaude v. Equitable Life Assurance,* 290 F.3d 1020, 1025 (9th Cir.2002). Thus, SLUSA provides for "complete preemption." *Falkowski v. Imation Corp.,* 309 F.3d 1123, 1128 (9th Cir.2002), *amended,* 320 F.3d 905 (9th Cir. 2003).

The district dismissed after ruling the removed action was a "covered class action" subject to SLUSA. A "covered class action" is defined as "a lawsuit in which damages are sought on behalf of more than 50 people." *See Kircher v. Putnam Funds Trust,* 547 U.S. 633, 637, 126 S.Ct. 2145, 165 L.Ed.2d 92 (2006); *see also United Investors Life Ins. Co. v. Waddell & Reed Inc.,* 360 F.3d 960, 965 (9th Cir. 2004) (citing 15 U.S.C. § 77p(f)(2)(A)). There is no dispute that Davis' original complaint in state court was a "covered class action" under SLUSA. Nonetheless, the district court appropriately permitted Davis to file an amended complaint. *See U.S. Mortgage,* 494 F.3d at 842–43 (deciding plaintiff may file an amended complaint in an attempt to avoid SLUSA dismissal).

Rather than amend his allegations to state a federal securities claim, however, Davis simply removed his request for damages. He argues that SLUSA does not apply because its definition of class action extends only to those actions seeking money damages. We disagree. Davis did not drop his state law claims from his class action as required by SLUSA. *See Patenaude,* 290 F.3d at 1025 (noting "SLUSA mandated that federal court be the exclusive venue for class actions alleging fraud in the sale of certain covered securities and that such class actions be governed exclusively by federal law") (internal quotations omitted).

Davis' argument also ignores the fact that the remedy he seeks would prevent John Hancock from collecting premiums (*i.e.,* money). Moreover, the amended complaint continues to seek other equitable relief, including "further relief as the Court deems just and proper" that might

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

include money damages. Finally, SLUSA "stands as an express exception to the well-pleaded complaint rule, and [therefore] its preemptive force cannot be circumvented by artful drafting." *See U.S. Mortgage*, 494 F.3d at 842 (internal quotation omitted). The district court did not err in dismissing the action pursuant to SLUSA.[1]

### 2. Attorney Fees

 After Davis refused to join his co-plaintiffs in a settlement agreement, John Hancock moved for an award of fees pursuant to A.R.S. § 12–341.01(A), providing that "[i]n any contested action arising out of a contract, express or implied, the court may award the successful party reasonable attorney fees." Davis conceded in district court that the statute applies, but argued that as a matter of discretion no fees should be awarded.

We conclude there was no abuse of discretion. *See Velarde v. PACE Membership Warehouse, Inc.*, 105 F.3d 1313, 1319 (9th Cir.1997) (reviewing factors for court to consider in determining whether fees should be awarded under § 12–341.01 and concluding the district court did not abuse its discretion either in awarding fees or in determining a reasonable amount). The district court awarded fees after full briefing, oral argument, and consideration of Davis' personal financial information. The fee award was not a sanction, as Davis argues, for his refusal to settle.

**AFFIRMED.**

---

1. Davis raises a litany of other arguments why the district court should not have dismissed his action. Because those arguments were not presented to or decided by the district court, we need not consider them. *See Silvas v. E*Trade Mortgage Corp.*, 514 F.3d 1001, 1007 (9th Cir.2008) (noting a claim "not presented to the district court, ... is not appropriately before this court"); *Walsh v. Nevada Dep't of Human Res.*, 471 F.3d 1033, 1037 (9th Cir.2006) (declining to consider an issue not presented to the district court). In addition, Davis raises new arguments and of-fers new evidence in his oversized reply brief. His motion to permit the filing of that brief is DENIED. *See Coos County v. Kempthorne*, 531 F.3d 792, 812 n. 16 (9th Cir.2008) (declining to consider an argument raised for the first time in a reply brief); *United States v. W.R. Grace*, 504 F.3d 745, 766 (9th Cir.2007) (refusing to consider documents submitted with a reply brief), *cert. denied*, — U.S. —, 128 S.Ct. 2964, 171 L.Ed.2d 887 (2008). John Hancock's motion to strike Davis' reply brief is moot.