**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MANI SUBRAMANIAN; et al.,<br><br>        Plaintiffs - Appellants,<br><br>  v.<br><br>ST. PAUL FIRE & MARINE<br>INSURANCE; et al.,<br><br>        Defendants - Appellees. | No. 08-17413<br><br>D.C. No. 3:04-cv-01249-VRW<br><br><br>MEMORANDUM[*] |
| ST. PAUL FIRE & MARINE<br>INSURANCE and UNITED STATES<br>FIDELITY AND GUARANTY<br>COMPANY,<br><br>        Plaintiffs - Appellees,<br><br>  v.<br><br>MANI SUBRAMANIAN; et al.,<br><br>        Defendants - Appellants. | No. 08-17414<br><br>D.C. No. 3:04-cv-01403-VRW |

---

       [*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

| ST. PAUL FIRE & MARINE INSURANCE COMPANY and UNITED STATES FIDELITY ANS GUARANTY COMPANY, | No. 08-17415 |
| Plaintiffs - Appellees, | D.C. No. 3:04-cv-01818-VRW |
| v. | |
| MANI SUBRAMANIAN; et al., | |
| Defendants - Appellants. | |

| MANI SUBRAMANIAN, and individual and citizen of Washington, and as a derivative action plaintiff, | No. 08-17416 |
| Plaintiff - Appellant, | D.C. No. 3:08-cv-01426-VRW |
| v. | |
| ST. PAUL FIRE & MARINE INSURANCE, a Minnesota corporation; et al., | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Vaughn R. Walker, District Judge, Presiding

Submitted July 19, 2012[**]
San Francisco, California

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before:  HUG, FARRIS, and LEAVY, Circuit Judges.

These four consolidated appeals involve a state court insurance coverage case twice removed to federal court and twice remanded, a 2004 federal action in which the district court dismissed or stayed all the substantive claims and we affirmed in a previous appeal, and a 2008 federal action based on the same factual allegations in which the district court again dismissed all the substantive claims with prejudice.  We affirm.

## 1.    Remand Orders in Appeals No. 08-17414 and No. 08-17415

The district court remanded the twice-removed insurance coverage case in district court case Nos. 04-1403 and 04-1818 under 28 U.S.C. § 1447(c) because it lacked subject matter jurisdiction. "An order remanding a case to the State court from which it was removed is not reviewable on appeal."  28 U.S.C. § 1447(d); *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 711-12 (1996); *Abada v. Charles Schwab & Co.*, 300 F.3d 1112, 1116 (9th Cir. 2002).  Accordingly, we must dismiss appeals No. 08-17414 and No. 08-17415.  *Abada*, 300 F.3d at 1119.

## 2.    Motions for relief from the 2007 Judgment in Appeal 08-17413

The district court entered final orders disposing of all the substantive claims in the 2004 case (district court case No. 04-1249).  Appellants appealed before the district court entered a separate judgment.  We exercised jurisdiction and affirmed. *St. Paul Fire & Marine Ins. Co. v. Vedatech Int'l, Inc.*, 245 Fed. Appx. 588 (9th

3

Cir. 2007). After the mandate issued, the district court entered judgment on December 27, 2007 ("the 2007 judgment").

Appellants filed a number of motions challenging the 2007 judgment, styled variously as motions to correct, clarify, amend, alter, set aside, and reconsider the 2007 judgment. In addition, appellants' first cause of action in the 2008 complaint (district court case No. 08-1426) was another motion for relief from the 2007 judgment. Appellants contend the district court erred in denying these motions and in dismissing the first cause of action in the 2008 complaint.

We have considered appellants' contentions and they present no basis for relief from the 2007 judgment. Accordingly, the district court did not abuse its discretion. *See United Nat. Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009) (denial of motion for relief from judgment under Fed. R. Civ. P. 59(e) reviewed for abuse of discretion); *Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1100 (9th Cir. 2006) (denial of motion for relief from judgment under Fed. R. Civ. P. 60 reviewed for abuse of discretion).

### 3.      Civil RICO and Civil Rights Claims in Appeal No. 08-17416

The district court dismissed appellants' federal causes of action for civil RICO and violation of civil rights in the 2008 complaint because the claims were barred by *res judicata*. We review de novo dismissals for failure to state a claim based on *res judicata*. *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002).

4

*Res judicata* precludes lawsuits on "any claims that were raised or could have been raised in a prior action." *Id.*, quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001). For federal claims, a *res judicata* defense requires identity of claims, a final judgment on the merits of the prior action, and identity or privity between the parties. *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003).

The civil RICO and civil rights claims in the 2008 complaint arose from the same transactional nucleus of facts as the claims in the 2004 case. Although appellants named additional defendants in the 2008 complaint, the alleged wrongful conduct of the new defendants is limited to their direction of, control of, or participation in the conduct of the defendants named in the 2004 case. Accordingly, all the defendants in the 2008 case have identity or privity with defendants in the 2004 case. The 2007 judgment therefore bars the federal claims in the 2008 complaint. *Stewart*, 297 F.3d at 956.

**4.    Fraud and Unfair Competition Claims in Appeal 08-17416**

The district court dismissed the state law causes of action for fraud and unfair competition in the 2008 complaint under California *res judicata* law. *Constantini v. Trans World Airlines*, 681 F.2d 1199, 1201 (9th Cir. 1982). In California, *res judicata* applies if the decision in the prior proceeding was final and on the merits and the present proceeding is on the same cause of action as the prior

5

proceeding. *Citizens For Open Gov't v. City of Lodi*, 140 Cal.Rptr.3d 459, 481-82 (2012). In the 2004 proceeding, appellants asserted state causes of action for fraud and unfair competition arising from the mediation and settlement of underlying state litigation. In the 2008 complaint, appellants alleged fraud and unfair competition arising from the same mediation and settlement. These claims were therefore barred by the 2007 judgment. *Citizens For Open Gov't*, 140 Cal.Rptr. 3d at 481-82.

**5.     Recusal**

Appellants contend the district court judge should have recused himself under 28 U.S.C. § 455. Appellants' allegations regarding the employment of the judge's former law clerk and their objections to comments made by the judge during the course of proceedings do not provide a reasonable basis to question the judge's impartiality. *See U.S. v. Hernandez*, 109 F.3d 1450, 1453-54 (9th Cir. 1997). The district court did not abuse its discretion by refusing the appellants' recusal challenge. *Id.*

**6.     Vexations Litigant Designation**

Appellants challenge the district court's order declaring Subramanian a vexatious litigant and imposing prefiling restrictions under 28 U.S.C. § 1651. This court reviews a prefiling order against a vexatious litigant for abuse of discretion. *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1056 (9th Cir.

2007).  The district court did not abuse its discretion because it gave Subramanian notice and the opportunity to oppose the order, created a record adequate for review, made substantive findings of frivolousness, and tailored the order narrowly to prevent, or at least try to curb, the abusive conduct.  *De Long v. Hennessey*, 912 F.2d 1144, 1147-48 (9th Cir. 1990).

**7.    Remaining Contentions**

We have reviewed appellants' remaining contentions, including that the district court erred by failing to consolidate five related cases, denying leave to make additional amendments to his 2008 complaint, imposing sanctions, and denying a motion for clarification regarding sanctions.  These contentions have no merit.

**AFFIRMED.**