**NOT FOR PUBLICATION**

## FILED

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

AUG 26 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| THOMAS EVANS, an individual, | No. 23-55556 |
| Plaintiff-Appellee, | D.C. No. 5:22-cv-02189-SSS-SHK |
| v. | |
| CEMEX CONSTRUCTION MATERIALS PACIFIC, LLC, a Delaware Limited Liability Company; CEMEX, INC., | MEMORANDUM* |
| Defendants-Appellants, | |

Appeal from the United States District Court
for the Central District of California
Sunshine Suzanne Sykes, District Judge, Presiding

Argued and Submitted June 17, 2024
San Francisco, California

Before: CLIFTON, COLLINS, and LEE, Circuit Judges.

Cemex Construction Materials Pacific, LLC ("CCMP") and Cemex, Inc. (collectively, "Cemex") appeal the district court's order granting Thomas Evans's motion to remand the case to state court. At issue is whether this court has jurisdiction to review this case under 28 U.S.C. § 1447(d). We have provisional

---

  \*   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

jurisdiction under 28 U.S.C. § 1291, and "we have jurisdiction to determine whether we have jurisdiction to hear the case." *Aguon-Schulte v. Guam Election Comm'n*, 469 F.3d 1236, 1237 (9th Cir. 2006). Beyond that, we conclude that we lack jurisdiction to reach the merits.

Under § 1447(d), "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." Despite § 1447(d)'s broad language, the Supreme Court has held that § 1447(d) must be read together with 28 U.S.C. § 1447(c) such that § 1447(d) precludes review only of remands made pursuant to a ground enumerated in § 1447(c). *Powerex Corp. v. Reliant Energy Servs., Inc.*, 551 U.S. 224, 229-32 (2007). Therefore, "[a]s long as a district court's remand is based on a timely raised defect in removal procedure or on lack of subject-matter jurisdiction—the grounds for remand recognized by § 1447(c)—a court of appeals lacks jurisdiction to entertain an appeal of the remand order under § 1447(d)." *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 127-28 (1995).

In this case, Evans sued his employer, CCMP, and his supervisor, Luis Lopez, in state court. The complaint alleged that Evans and Lopez were California residents and that CCMP was a Delaware company; thus, the case could not be removed for lack of complete diversity. Evans agreed to dismiss Lopez from the

case in exchange for CCMP agreeing to "not remove the case to federal court."[1]

Pursuant to that agreement, Evans dismissed Lopez. Two years later, Evans added CCMP's parent company, Cemex, Inc., as a defendant. Soon thereafter, Cemex, Inc. removed the case, and CCMP consented to removal.

Evans timely moved to remand the case to state court under § 1447(c), arguing that CCMP could not consent to removal under the terms of the agreement. The district court agreed, concluding that "[t]here is no evidence that the Parties' [agreement] intended to prohibit only a specific removal procedure. Rather, the intent of the parties seems to be to prevent [CCMP] from removing generally." Accordingly, the district court determined that CCMP was "not able to consent to removal and remand [was] proper." Cemex timely appealed.

The district court did not expressly state that its remand order was based on a ground enumerated in § 1447(c). But a "remand order's failure to cite subsection 1447(c) affirmatively or to invoke one of its enumerated grounds is not necessarily dispositive." *United Invs. Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 964 (9th Cir. 2004). This court may look to the "*substance* of the order" and "to all the surrounding circumstances" to determine the basis for remand. *Id.* (citations omitted).

---

[1] As the district court explained, "[t]he parties do not dispute the existence of the contract, but they do disagree about its effect."

Evans filed his motion for remand pursuant to § 1447(c), cited the defendant unanimity rule, which requires that all defendants consent to or join in removal, and argued that removal was improper because CCMP could not consent to removal. In its remand order, the district court: (1) cited to § 1447(c), (2) recognized Evans's argument that CCMP "cannot consent to or join in removal," (3) identified the defendant unanimity rule, citing *Hewitt v. City of Stanton*, 798 F.2d 1230, 1232 (9th Cir. 1986) (holding that "[a]ll defendants must join in a removal petition with the exception of nominal parties"), (4) concluded that CCMP "is not able to consent to removal" under the terms of its agreement with Evans, and (5) rejected every other argument raised by Evans that remand was appropriate, specifically that removal was untimely and that the alter ego doctrine should apply to bind Cemex, Inc. to CCMP's agreement not to remove. Further, in a later order dismissing Cemex's motion to recall the remand order, the district court explained that its remand order was "based upon the Parties' contract that precluded [CCMP] from consenting to removal."

Considering the substance and circumstances of the remand order, we conclude that the only colorable basis for the remand order was the lack of unanimous consent to removal—the district court concluded that CCMP could not consent to removal given its agreement with Evans. *See Atl. Nat'l Tr. LLC v. Mt. Hawley Ins. Co.*, 621 F.3d 931, 937 (9th Cir. 2010) (determining that the only

4

"plausible explanation of what legal ground the District Court actually relied upon for its remand" was the lack of unanimous consent to removal (citation omitted)). This court has held that lack of unanimous consent to removal "qualifies as a 'defect' in a removal procedure, one of the grounds listed in 28 U.S.C. § 1447(c)." *Aguon-Schulte*, 469 F.3d at 1240. Accordingly, we lack jurisdiction to review this case because § 1447(d) precludes review of remand orders, like this one, that are based on a "timely raised defect in removal procedure." *Things Remembered*, 516 U.S. at 127.

**DISMISSED.**